ELLIS, Judge.
This is a suit by plaintiff Murray L. Suffrin against defendant Louis C. Du-pont, Sr., for the balance of $11,400.00 allegedly due on a certain demand note in the original sum of $12,000.00. The defenses tendered in the answer are that the note has prescribed, and that it was given to plaintiff for no consideration and through error, fraud, or duress. In addition, defendant attempted to prove payment on the trial of the case. Dupont also reconvened for $50,000.00 damages allegedly suffered by him as a result of this suit. After trial on the merits, judgment was rendered in favor of plaintiff in the amount sued for plus interest and attorneys’ fees, and dismissing the reconven-tional demand. From this judgment, defendant has appealed.
*582 We find from the record that plaintiff began to make advances of cash to the defendant in 1963. As evidence of the indebtedness, defendant would give plaintiff a check for the amount of money received. In September, 1963, when the indebtedness had reached about $19,000.00, defendant gave plaintiff a collateral mortgage note for $12,000.00, dated December 1, 196Í. Thereafter, further cash advances were made, until September, 1966, when, according to the evidence in the record, over $70,-000.00 had been advanced to the defendant.
On September 19, 1966, defendant executed the note sued on herein. The date on the face of the note is December 1, 1961, and it is stated on the reverse to be secured by the pledge of the above collateral mortgage note. The following notation appears, over defendant’s signature on the reverse of the note:
“September 19, 1966, principal payment $600.00, balance due $11,400.00.”
Also on September 19, 1966, Mr. Suffrin testified he got three other notes from defendant, two for $20,000.00 and one for $24,300.00. Mr. Dupont denies having executed these notes. Mr. Dupont further denies that the $600.00 payment on the note sued on was meant to be applied to the principal thereof.
Nothing further was done by the parties hereto until January 29, 1968, when Mr. Dupont transferred a piece of property to Mr. Suffrin for a recited consideration of $50,950.00. It is not disputed that all of the consideration was used to pay liens and mortgages bearing on the property. Mr. Suffrin also received a $15,000.00 note and mortgage, bearing against another piece of property, from Mr. Dupont that day.
About February 6, 1968, Mr. Suffrin testified that he returned to Mr. Dupont all of the checks he was holding, as well as all of the notes except the $15,000.00 note, the note sued on herein, and the $12,000.00 collateral mortgage note pledged to secure it. Mr. Dupont admits he received the checks, but denies receiving any notes.
Mr. Suffrin also testified that, at Mr. Dupont’s insistence, he gave him a letter to the effect that when the $15,000.00 note and the $11,400.00 note were paid off, defendant’s indebtedness to plaintiff would be fully satisfied. Mr. Dupont denies ever having received the letter, a copy of which was offered in evidence, and states that the entire indebtedness was settled when the checks were returned, except the $15,000.00 note.
In the trial court, a plea of prescription to the collateral mortgage note was properly sustained, and this aspect of the case is not before us. However, de-fendent further contends that the note sued on is prescribed as well. He acknowledges that a payment on the principal would interrupt the running of prescription, but denies that any such payment was ever made, and states that the $600.00 payment noted on September 16, 1966, was a misapplication of the payment. The trial judge apparently did not believe this testimony in face of defendant’s signature on the reverse of the note acknowledging that the payment had been applied to the principal. We agree with his conclusion, and find the plea of prescription to be without merit.
Defendant further claims a lack of consideration for the note sued on, apparently basing this contention on the proposition that no funds actually changed hands at the time the note was delivered. This contention is patently without merit. Under the express provisions of R.S. 7:25, an antecedent or pre-existing debt constitutes consideration for a promissory note. We have already found that defendant’s indebtedness to plaintiff at the time of the delivery of the note sued on was in excess of $70,000.00.
*583 As to the defense of payment, we note that it was not specially pled in defendant’s answer, and that plaintiff properly objected to all testimony offered by defendant relative thereto. Although amendment of the pleadings was discussed, no such action was ever taken by the defendant. We do not think this aspect of the case to be properly before us. Articles 1005 and 1154, Code of Civil Procedure. Since the evidence was admitted and considered by the district judge, we have examined the record and find that defendant did not carry the burden of showing payment.
Finally, defendant claims that the trial court erred in allowing certain documents into evidence, which were allegedly not produced by plaintiff when called for by a subpoena duces tecum filed by defendant.
Prior to trial, defendant filed a motion for a “subpoena duces tecum” asking that plaintiff produce a number of records in court on the date of trial. At that time, plaintiff produced a number of documents which were examined by counsel for defendant. It was then stipulated by counsel that plaintiff had produced all of the records requested except those which were also in the possession of the defendant. Subsequently, copies of certain checks and promissory notes of which defendant claimed to have no knowledge were offered in evidence by plaintiff, and were admitted into evidence over the objection of defendant. Plaintiff testified that the originals had been given to defendant on February 6, 1968. We think the record substantiates plaintiff’s testimony, and the latter documents were covered by the stipulation. The fourth specification of error is without merit.
The judgment appealed from is, accordingly, affirmed, at defendant’s cost.
Affirmed.