CHASEZ, Judge.
Plaintiff, William P. Bosworth, Jr., filed this suit seeking a declaratory judgment to have $10,000.00 of New Orleans Federal Savings and Loan Association stock shares that were pledged as security for a $50,000.00 loan in the name of Donald S. Jacobs with the New Orleans Federal Savings and Loan Association to be declared in truth and in fact the property of the plaintiff and as having been placed in the name of the defendant, Donald S. Jacobs, purely for the convenience of the plaintiff. Additionally, the plaintiff seeks recovery of $1,061.08 from defendant, Donald Jacobs, said sum representing dividends accumulated on the stock and allegedly wrongfully appropriated by the defendant, with legal interest from date of judicial demand.
Defendant, Donald S. Jacobs, answered asserting ownership of the stock pledge. New Orleans Federal Savings and Loan Association asserts no claim and is a mere stakeholder.
Judgment in the lower court was rendered dismissing defendant’s exception of no right of action and - in favor of the plaintiff on the merits against the defendant, Donald S. Jacobs, for $1,061.08, with legal interest from date of judicial demand until paid, and declaring plaintiff the sole owner of the stock pledged and ordering New Orleans Federal Savings & Loan Association to recognize plaintiff as the owner of the stock pledge account and, accordingly, entitled to all rights thereto. From this judgment the defendant, Donald S. Jacobs, has suspensively appealed.
William Bosworth owned a tract of land known as Northlake Community Subdivi *193 sion, located in St. Tammany Parish. General subdivision improvements and houses were constructed on this land under Jacobs’ supervision and labor as a contractor. Interim Financing for construction was obtained by Bosworth from the National American Bank. Later additional and permanent financing became necessary for this purpose. $150,000.00 in loans was obtained from New Orleans Federal Savings and Loan Association. Three separate loans under three separate names were arranged due to internal regulations within the Association. One loan was made to the plaintiff, the second to the defendant and a third in the name of Richard Vea-zey. The Federal Savings and Loan Association additionally required that $10,000.00 from each loan be used to purchase Federal Savings and Loan Assn, stock and be pledged to it as security by Bosworth, Jacobs and Veazey respectively. The loans have been repaid by the plaintiff and the Bosworth and Veazey stock pledges have been returned to him. The ownership of the stock pledge in the name of the defendant is disputed and gives rise to this case.
Defendant’s answer alleged that the plaintiff gave the defendant two lots in this subdivision[1] and that he made the loan and pledged the stock for his own benefit. He also alleges that plaintiff was to pay the loan off until the two houses built on these lots were sold, at which time he would receive the funds of the sale. At the trial defendant abandoned these allegations and contentions without amendment of his answer and asserted other means of payment for his services. Specifically, he maintained that the plaintiff was to pay him $25,000.00 per year as a wage and also that plaintiff gave him the stock pledge as partial payment.
The plaintiff asserted: (1) that defendant was to share in the profits realized in the sale of all houses built in the North Lake Community Subdivision on a 50/50 basis; (2) that the plaintiff was also to be liable for all losses which might occur while defendant would receive one-half the profits and not be subject to any liability for losses; and (3) that in fact the sale of the houses produced a net loss for which reason nothing is due the defendant under their verbal agreement.
The defendant in appealing to this court attempts to assert as a ground for recovery a set-off or quantum meruit theory because he received no payment for his services and labor other than $2,000.00 for his expenses. This claim is asserted because he did work on the subdivision as a whole rather than on just the houses.
Counsel for defendant urges that quantum meruit is properly before this court and based this contention on LSA-C.C.P. Article 1154 and Article 862.
“Art. 862. Relief granted under pleadings; sufficiency of prayer.
“Except as provided in Article 1703, a final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings and the latter contain no prayer for general and equitable relief;”

“Art. 1154. Amendment to conform to evidence.
“When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised by the pleading. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure to so amend does not affect the result of the trial of these issues. If evidence is objected to at the *194 trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby, and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense on the merits. The court may grant a continuance to enable the objecting party to meet such evidence.”
When defendant tried to introduce evidence at the trial to support a claim for quantum meruit an objection was timely raised and sustained. Counsel for defendant before this court urged that the issue of quantum meruit was introduced in the lower court under testimony and therefore the pleadings were thereby broadened without necessity of amendment of the original pleadings. We find no merit for this contention in view of opponents’ timely objection at the trial and the lack of a request for permission to amend the original pleadings.
Proof intended to broaden or go beyond the pleadings is inadmissible if objected to. However, in certain cases and under proper circumstances such proof may be admitted and considered by a court when permission to amend the pleadings is requested and granted. LSA-C.C. Art. 1154, Suffrin v. Dupont, 241 So.2d 581, (La.App., 1st Cor., 1970); Piediscalzo v. Deutsch, 200 So.2d 114 (La.App., 4th Cir., 1967). Timely objection and nonmoval for amendment is fatal to the issue of quantum meruit in this case. Furthermore, quantum meruit is a defense that must be affirmatively pleaded.
LSA-C.C.P. Article 862, was not intended to broaden the pleadings to include new issues not raised by the pleadings but is instead directed to the granting of the proper relief to which a party is entitled, as made out by the pleadings, without the necessity of a prayer for general and equitable relief.
The evidence and testimony support a finding that the plaintiff and defendant worked together in many similar ventures and the agreement was always a 50/50 sharing of the profits except for the contested arrangement herein and one occasion when the defendant received 33% of an enterprise.
The defendant corroborates the plaintiff’s assertion that the loan from the New Orleans Federal Savings & Loan Association and the stock pledge were, for plaintiff’s convenience, in the name of the defendant.
The trial court determined that the facts and surrounding circumstances supported the plaintiff’s position. In this we perceive no manifest error. Defendant’s position is unsupported and contradictory with his pleadings and testimony. Defendant’s own testimony produced contradictory and unsupported claims and formed no basis for retention of the stock pledge and dividends earned thereon.
Defendant's exception of no right of action was properly dismissed.
For the above and foregoing reasons the judgment of the lower court a quo is affirmed with costs in this court to be paid by defendant-appellant.
Affirmed.

. Lots 112 and 115 in Square 8, Polaris Drive, North Lake Community, Parish of St. Tammany, Mandeville, Louisiana, are property on which the $50,000.00 loan was made and are designated in the stock pledge.