469 So.2d 256 (1985)
F&S EQUIPMENT CO., INC.
v.
INTERNATIONAL MATEX TANK TERMINALS.
No. CA-2614.
Court of Appeal of Louisiana, Fourth Circuit.
March 12, 1985.
Rehearing Denied May 29, 1985.
Don Almerico and Jerome A. Kunkel, Destrehan, for appellant.
Bertrand F. Artigues, Louis J. Dutrey, Coleman, Dutrey & Thompson, New Orleans, for appellee.
Before GARRISON, CIACCIO and BYRNES, JJ.
BYRNES, Judge.
This is an appeal from a judgment sustaining defendant-appellee's Exception of Res Judicata, based on the trial court's determination that the matter was compromised.

FACTS
F&S Equipment Co. ["F&S"], plaintiff-appellant, executed a contract with International Matex Tank Terminals ["Matex"] on June 2, 1978. The contract granted F&S the use of a portion of batture owned by Matex. In exchange, F&S agreed to dredge an area surrounding a docking facility owned by Matex.
This contract contained a cancellation provision which Matex contends it validly exercised in October, 1980. F&S, however rejected the cancellation and filed suit against Matex. Matex filed an Exception of No Cause of Action which was sustained. F&S applied to this Court for a writ of certiorari and review.
Before this court could rule on the writ application, a series of telephone calls between attorneys for the parties produced a $100,000.00 settlement agreement. On the day that verbal agreement was reached, this court handed down a ruling which reversed the granting of the exception of No Cause of Action. That same day the attorney for Matex mailed a dated letter to the attorney for F&S, confirming their verbal agreement. Letters were also dispatched *257 to the Civil District Court and to this Court, advising of the agreement.
On February 6, 1984, approximately two weeks after this court's decision on the writ, F&S's attorney forwarded a letter to the attorney for Matex, withdrawing its consent to the settlement agreement. Copies of this correspondence were provided to the trial and appellate courts. Matex then forwarded a check and other settlement documents to F&S, requesting that it abide by the original agreement. F&S returned the check and unsigned documents, stating that it intended to pursue the matter in court.
Louisiana Civil Code Article 3071 states:
A transaction or compromise is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing.

This contract must be either reduced into writing or recited in open court and capable of being transcribed from the record of the proceeding. The agreement receited in open court confers upon each of them the right of judicially enforcing its performance, although its substance may hereafter be written in a more convenient form, (emphasis added)
In Felder v. Georgia Pacific Corp., 405 So.2d 521 (La.1981) the Supreme Court explained the reasons for the requirement that the contract be in writing as follows:
While the statute itself does not provide for the consequences of failure to reduce a compromise agreement to writing, this Court has previously held that a compromise which is not reduced to writing is unenforceable. Bourgeois v. Franklin, 389 So.2d 358 (La.1980); Jasmin v. Gafney, Inc., 357 So.2d 539 (La. 1978).
Furthermore, the requirement that the agreement be reduced to writing necessarily implies that the agreement be evidenced by documentation signed by both parties. Singleton v. Bunge Corp., 364 So.2d 1321 (La.App. 4th Cir.1978).
As was stated in Bourgeois, supra, `La.C.C. art. 3071 is placed in the Code to insure proper proof of extra-judicial agreements. Inasmuch as there is no judgment on the merits outlining the obligations each party has to the other when a case is settled by the parties, the law has seen fit to require the compromise agreement, which sets out those obligations, to be reduced to writing to serve as proof of the agreement and the acquiescence therein.' (Emphasis provided.) Obviously, to serve as written proof of the agreement and obligations of both parties, and their acquiescence therein, the written agreement must be signed by both parties, obligating both to do what they have agreed on. 405 So.2d at 523.
There is no prescribed form for this writing, and several documents viewed together may establish the agreement and the consent of the parties. Felder v. Georgia Pacific Corp., supra.
Attorneys are presumed to have the authority to negotiate a settlement proposal for their clients, however, they may not enter into a binding agreement without the client's clear and express consent. See Singleton v. Bunge Corp., 364 So.2d 1321 (La.App. 4th Cir.1978). In the case at bar, the letter of February 6th, sent by the attorney for F&S to the attorney for Matex, withdrawing the original offer is clear proof that appellant did not acquiesce in the agreement. Without appellant's consent, his attorney could not enter into a binding agreement on his behalf. Further, the check drawn by appellee, Matex, was never negotiated and the Receipt and Release was never signed by appellant. We have found no evidence of appellant's acquiescence in the settlement other than appellee's self serving letters and statements. Without some evidence of a appellant's consent we must find that the "settlement agreement" at issue herein does not comply with Civil Code Article 3071 and hence is not enforceable.

*258 CONCLUSION
The ruling of the trial court sustaining the Exception of Res Judicata is reversed and the case is remanded for trial on the merits.
Costs of this appeal are to be borne by appellee.
REVERSED AND REMANDED.