546 So.2d 596 (1989)
Sampson B. SMITH
v.
Meredith SCHULTZ, et al.
No. W89-668.
Court of Appeal of Louisiana, Third Circuit.
June 22, 1989.
Gold, Weems, Sam N. Poole, Alexandria, for defendant/applicant.
Edward A. Kaplan, Alexandria, for plaintiff/respondent.
Before FORET, KNOLL and KING, JJ.
WRIT DENIED: La.C.C. Art. 3071 requires that contracts of compromise must be reduced to writing to be valid and enforceable. *597 See Vest v. Hartford Acc. & Indent. Co., 493 So.2d 877 (La.App. 3 Cir. 1986) and Lytle v. Commercial Insurance Co. of Newark, N.J., 285 So.2d 289 (La. App. 3 Cir.1973). The exhibits in this writ application reveal that respondent apparently verbally agreed to settle his personal injury and property damage claims, however, the settlement draft drawn by relator was never negotiated and the receipt and release was never signed by respondent.
Relator argues that the letter by respondent's counsel dated March 8, 1989 is sufficient to comply with the requirement of La.C.C. Art. 3071. Although attorneys are presumed to have the authority to negotiate a settlement proposal for their clients, attorneys may not enter into a binding agreement without their client's clear and express consent. F & S Equip, v. Intern. Matex Tank Terminals, 469 So.2d 256 (La.App. 4 Cir.1985).
From the writ application and exhibits presented, it is clear that the respondent did not give his clear and express consent for his attorney to accept the proposed settlement. Under these facts we find the "settlement agreement" does not comply with La.C.C. Art. 3071 and hence is not enforceable. For these reasons we find no error in the ruling of the trial court.