671 So.2d 315 (1996)
Janice S. SULLIVAN
v.
Bruce Wayne SULLIVAN.
No. 95-C-2122.
Supreme Court of Louisiana.
April 8, 1996.
*316 Jack Wright, Monroe, for Applicant.
Anita D. McKeithen, McKeithen & McKeithen, Shreveport, for Respondent.
KIMBALL, Justice.

ISSUE
We granted the instant writ application to resolve the issue of whether or not a settlement agreement can be enforced where the parties verbally agree to the terms of a settlement and dictate these terms to a court reporter in an attorney's office, but where one of the parties later refuses to sign the court reporter's transcription of the agreement or the "judgment" prepared from the transcription.[1] Because Louisiana Civil Code art. 3071 has been interpreted by this court to require that a transaction or compromise, in order to be valid and enforceable, must be either reduced to writing and signed by the parties participating in the settlement or recited in open court capable of being transcribed from the record of the proceeding, and because we are not presented with a situation where the agreement was recited in open court, we reverse the judgments of the lower courts and remand this case for further proceedings.

FACTS AND PROCEDURAL HISTORY
Janice and Bruce Sullivan were married on September 19, 1975, and two sons were born of the marriage. On June 15, 1990, the parties obtained a judgment of divorce. On October 25, 1990, Mr. Sullivan filed for partition of the community property.
During the taking of scheduled depositions on September 3, 1993 at the office of Mr. Sullivan's attorney, the possibility of settlement arose, and after several hours of negotiations which took place with the parties themselves sitting in separate offices, the parties and their attorneys met in the presence of a court reporter and dictated an agreement. During this verbal explanation of the terms of the agreement, the parties were asked by one of the attorneys whether they understood that if either refused to sign the "Article 3071" agreement, they could be forced to do so in open court. Both parties answered affirmatively.
The court reporter later reduced the above oral rendition to a written document, and copies were made available to the parties and their attorneys. Upon reading the transcription, Ms. Sullivan felt it did not reflect what had been agreed upon during the negotiations, and communicated her dissatisfaction to both attorneys. Mr. Sullivan's attorney then drafted a proposed judgment allegedly encompassing the terms of the agreement as transcribed by the court reporter. For various reasons, Ms. Sullivan refused to sign it, and Mr. Sullivan filed a rule to enforce the "Article 3071 settlement".[2]
The trial court issued a judgment adopting the agreement as transcribed by the court reporter as its judgment and apparently ordered that the agreement be implemented by a more detailed judgment in accord with the specifics set forth therein.[3] Ms. Sullivan appealed, and the second circuit court of appeal affirmed and later affirmed again on rehearing.[4]

*317 THE LAW
Louisiana Civil Code article 3071 provides:
A transaction or compromise is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing.
This contract must be either reduced into writing or recited in open court and capable of being transcribed from the record of the proceeding. The agreement recited in open court confers upon each of them the right of judicially enforcing its performance, although its substance may thereafter be written in a more convenient form.
In Felder v. Georgia Pacific Corp., 405 So.2d 521 (La.1981), this court addressed the writing requirement of Article 3071. We stated therein:
The Code requires that compromise agreements be in writing, by implication signed by both parties....
. . . . .
While the statute itself does not provide for the consequences of failure to reduce a compromise agreement to writing, this Court has previously held that a compromise which is not reduced to writing is unenforceable. Bourgeois v. Franklin, 389 So.2d 358 (La.1980); Jasmin v. Gafney, Inc., 357 So.2d 539 (La.1978). Furthermore, we agree with plaintiff that the requirement that the agreement be reduced to writing necessarily implies that the agreement be evidenced by documentation signed by both parties. Singleton v. Bunge Corp., 364 So.2d 1321 (La.App. 4th Cir.1978).
As was stated in Bourgeois, supra, "La. C.C. art. 3071 is placed in the code to insure proper proof of extra-judicial agreements. Inasmuch as there is no judgment on the merits outlining the obligations each party has to the other when a case is settled by the parties, the law has seen fit to require the compromise agreement, which sets out those obligations, to be reduced to writing to serve as proof of the agreement and the acquiescence therein." Obviously, to serve as written proof of the agreement and obligations of both parties, and their acquiescence therein, the written agreement must be signed by both parties, obligating both to do what they have agreed on.

Felder, 405 So.2d at 523 (emphasis added).[5]
Thus, under Article 3071, for a transaction or compromise to be valid and enforceable, it must either be recited in open court and capable of being transcribed from the record of the proceeding, a situation we are not presented with, or it must be reduced to *318 writing and signed by the parties or their agents.[6]

ANALYSIS
In the instant case, the oral recitation of the terms of the agreement given in the presence of a court reporter at an attorney's office does not constitute a recitation "in open court" for purposes of Article 3071. The reduction of that recitation to a writing, either in the form of the court's reporter's transcription or appellee's attorney's judgment tracing the terms of the transcription, also does not give rise to an enforceable transaction or compromise under Article 3071 because neither was signed by appellant as required by Felder. Oral approval of the agreement even when given under oath to a court reporter in an attorney's office simply does not comply with the requirements of Article 3071.
Appellee argues, and the court of appeal held, that the contract should be enforced because neither party felt that signing was necessary for the settlement to be enforceable, because the parties agreed during the oral discussion of the agreement that either could be forced to sign the written copy in open court, because the transcription is an accurate reflection of the terms of the agreement, and because appellant has no justification for choosing not to sign.
Even assuming the transcription [and corresponding judgment] accurately reflected the terms the parties agreed to that day, such a writing did not become valid and enforceable under Article 3071 until both parties signalled their voluntary consent to the settlement by signing the written document encompassing the terms of the oral agreement. Oral agreements where not otherwise recited in open court are simply not enforceable settlements under Article 3071, and, therefore, a party cannot be forced to sign a written document summarizing the otherwise unenforceable oral agreement. Therefore, until the parties signed a written document or documents evincing their consent to the terms of their earlier oral agreement, either party was free to change his or her mind. Furthermore, the parties' misunderstanding of the requirements of Article 3071, i.e. that signing the written document was not necessary for enforcement or that a party could be forced to sign the document without his or her consent, does not affect the applicability of that article to all settlement agreements. We also note that a judge's adoption of a transcription of an oral agreement not signed by all of the parties does not constitute a recitation in open court of the agreement insofar as such a recitation contemplates and necessitates the parties' consent to such an event, and it was clear at this point that appellant no longer consented to the terms of the oral agreement.

CONCLUSION
For the above reasons, we hold that despite the parties' oral acquiescence to the terms of a settlement and regardless of whether the transcription of the oral discussion of the terms accurately reflected the substance of the negotiations, there could not be an enforceable settlement agreement under Article 3071 until those terms were reduced to a writing signed voluntarily by all parties or their authorized agents or until those terms were recited in open court with the consent of the parties. Until either of these contingencies occurred, the parties were free to withdraw their consent to the oral agreement, because until that point, there is no enforceable agreement.
The judgment of the trial court enforcing the transcription as a settlement agreement and the opinion of the second circuit court of appeal affirming that judgment are reversed, and this case is remanded to the trial court *319 for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
JOHNSON, J., concurs in result.
NOTES
[1] Sullivan v. Sullivan, 95-C-2122 (La. Dec. 8, 1995), 664 So.2d 409.
[2] Part of the agreement was that a one-half interest in a family farm was to be placed in a trust for the parties' two minor sons with the provision that Central Bank of Monroe was to serve as the trustee. After the agreement was dictated for the court reporter but prior to its transcription, Ms. Sullivan contacted the trust department of Central Bank to discuss the bank's willingness to serve as trustee. She learned that the bank would decline to act as trustee because of the perception that the bank could not function in a fiduciary capacity under the terms of the stipulation without exposure to liability. For this reason, and because Ms. Sullivan concluded that the agreement, once she received the transcription, did not otherwise accurately reflect her understanding of the settlement negotiations, Ms. Sullivan refused to sign.
[3] The trial court's judgment stated in part: "IT IS THEREFORE ORDERED ADJUDGED AND DECREED that the Court accepts and adopts as its Judgment the attached Louisiana Civil Code Article 3071 settlement between JANICE SISSON SULLIVAN and BRUCE WAYNE SULLIVAN."
[4] Sullivan v. Sullivan, 26-988-CA c/w 26-989-CA, 654 So.2d 1374, May 10, 1995 and July 24, 1995 (La.App. 2d Cir.1995) (not designated for publication). The court of appeal on rehearing rejected appellant's argument that the agreement was void because of form stating:

In this case, the entirety of the parties' agreement is found in the stipulation, which was dictated by appellant's own attorney. The agreement reflects that upon its transcription, both parties would affix their signatures. However, such signing was not contemplated by the parties as affecting the binding nature of their agreement. The stipulation states that should one of the parties fail to sign, such refusal would be met with a rule to show cause to compel the signing of the agreement.
We find that the stipulation, dictated by appellant's attorney and subsequently transcribed for the signatures of the parties, is a valid compromise and is therefore binding upon the parties.
The court had earlier rejected appellant's arguments that the settlement should not be enforced because: (1) an essential element of the agreement, that Central Bank would serve as trustee, could not be carried out because the bank declined to function as a trustee, (2) there was no "meeting of the minds", (3) the agreement was lesionary, and (4) the agreement did not divide up Mr. Sullivan's retirement benefits. In her application to this court, appellant only alleged the agreement should be found unenforceable because it was not reduced to writing and signed by both parties.
[5] Felder additionally held, although not pertinent to this case, that "it would suffice that there be a written offer signed by the offeror and a written acceptance signed by the acceptor, even if the offer and the acceptance are contained in separate writings. In other words, where two instruments, when read together, outline the obligations each party has to the other and evidence each party's acquiescence in the agreement, [i.e. each party has signed an instrument] a written compromise agreement, as contemplated by La. C.C. art. 3071, has been perfected." Felder, 405 So.2d at 523-24.
[6] Of course, our holdings in Felder and in this opinion do not affect the enforcement of valid oral contracts. Under Louisiana Civil Code art. 1927 (emphasis added),"[u]nless the law prescribes a certain formality for the intended contract, offer and acceptance may be made orally, in writing, or by action or inaction that under the circumstances is clearly indicative of consent." Louisiana Civil Code art. 3071 prescribes certain formalities for a settlement agreement to be valid, and an oral agreement which is not dictated in open court is not an enforceable settlement thereunder.