694 So.2d 1043 (1997)
Lydia Schexnayder DeSOTO
v.
Errol John DeSOTO.
No. 96-CA-1079.
Court of Appeal of Louisiana, Fifth Circuit.
April 29, 1997.
*1044 John H. Brooks, Gretna, for Plaintiff/Appellant.
Roy S. Lilley, Mandeville, for Defendant/Appellee.
Before WICKER, GOTHARD and DALEY, JJ.
WICKER, Judge.
Lydia Schexnayder DeSoto appeals a judgment adopting a proposed consent judgment appellant had refused to sign. We reverse and remand.
Lydia DeSoto and Errol DeSoto were divorced in 1978 and the community property was partitioned in a written consent agreement. The partition agreement made no mention of Errol's pension and retirement benefits. At the time he had not yet retired.
In 1990, after Errol DeSoto had retired, Lydia DeSoto filed a supplemental petition for partition of the community, asserting she was entitled to a share in Errol's retirement benefits. Errol filed an answer and reconventional demand, seeking to have the original community property partition annulled.
Thereafter counsel for the parties began negotiating a compromise. On October 18, 1995 Errol's attorney sent a letter to Lydia's attorney, which included calculations showing Lydia's share of Errol's monthly benefit as $133.23. The letter made the following proposal:
In order to put this matter to rest my client is willing to settle as follows:
1. Pay unto your client the sum of $5,000.00.
2. Arrange that she receive $133.23 per month beginning November 1, 1995.
3. Dismiss any claims he has against the community estate and your client.
In consideration of this your client would be willing to:
1. Dismiss any claims she has against the community estate and my client.
2. Sign a judgment terminating the $100.00 per month alimony which Mr. DeSoto now pays to her.
On February 1, 1996 Lydia's counsel sent Errol's attorney a letter that stated:
[Lydia] has agreed to accept the percentile computations which you had forwarded in your first letter.
As I understand it, we are, therefore, agreed as follows:
a. Lydia is to receive the monthly income detailed in your letter;
b. All back payments computed on the same percentile are to be paid forthwith;
c. These actions are taken without regard to the current status of the alimony claim.
Based on Lydia's letter counsel for Errol prepared a consent judgment which granted judgment in favor of Lydia against Errol in the amount of $5,666.15 with judicial interest from April 1, 1996 until paid. The judgment also ordered Errol to sign the necessary forms to enable his retirement plan to deduct from his monthly benefits and pay to Lydia the sum of $133.23, beginning April 1, 1996 and continuing monthly thereafter so long as Errol is eligible for the monthly retirement payments. The proposed judgment further provided for dismissal of Errol's reconventional demand and stated that the DeSotos' community of acquets and gains was liquidated in full. Finally, each party agreed to make no claim to any community property subsequently discovered to be in the other's possession.
Lydia and her counsel refused to sign the proposed judgment. Errol's attorney then filed a rule to show cause why the consent *1045 judgment should not be made the judgment of the court. The court rendered judgment in favor of Errol DeSoto and Lydia DeSoto appealed.
On appeal, both parties agree that the October 18, 1995 letter from Errol's attorney was an offer and that the February 1, 1996 letter from Lydia's attorney was a counteroffer. Errol contends the proposed consent judgment drafted by his attorney was his acceptance of Lydia's counteroffer. Lydia contends, however, that the consent judgment conformed to the terms of neither proposal, but took parts from each, and thus was not a valid acceptance.
Specifically, Lydia contends that the consent judgment accepted her condition that it make no change in her alimony claim; it set forth the monthly benefit, as stated in both letters; but it provided for only one-half of the back pension benefits ($5,666.15), as opposed to the condition of "all back payments" which she had demanded. Therefore, she contends, Errol's acceptance did not conform to her counteroffer and no contract was reached.
Errol, on the other hand, contends the proposed consent judgment did constitute an acceptance of the counteroffer on its own terms. Lydia demanded, "All back payments computed on the same percentile are to be paid forthwith." Errol asserts that the $5,000.00 payment set forth in his letter, plus payment for five months at the stipulated $133.23, equals $5,666.15, which he asserts is "all back payments computed on the same percentile ... being paid forthwith."
The conflict, obviously, is in the parties' differing interpretation of the sentence, "All back payments computed on the same percentile are to be paid forthwith." Errol interprets that phrase to refer to his $5,000 offer in the October 18, 1995 letter, while Lydia apparently interprets it to refer to all payments of retirement benefits already received by Errol. No evidence as to the parties' negotiations was offered at the hearing on the rule to show cause.
"A contract is formed by the consent of the parties established through offer and acceptance." La. Civ.Code Art.1927. "An acceptance not in accordance with the terms of the offer is deemed to be a counteroffer." La. Civ.Code Art.1943.
A transaction or compromise is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing.
This contract must be either reduced into writing or recited in open court and capable of being transcribed from the record of the proceeding. The agreement recited in open court confers upon each of them the right of judicially enforcing its performance, although its substance may thereafter be written in a more convenient form.
La. Civ.Code Art. 3071.
"[T]he requirement that the agreement be reduced to writing necessarily implies that the agreement be evidenced by documentation signed by both parties." Felder v. Georgia Pac. Corp., 405 So.2d 521, 523 (La.1981). It does not mean, however, that the agreement must be contained in one document: "It would suffice that there be a written offer signed by the offerer and a written acceptance signed by the acceptor, even if the offer and the acceptance are contained in separate writings." Id. at 523-524 (La.1981). When two instruments, read together, constitute a written compromise agreement outlining the obligations of each party and evidencing the acquiescence therein by both parties, they are an enforceable compromise agreement under La. Civ.Code Art. 3071. Id. at 524.
In Sullivan v. Sullivan, 95-2122 (La.4/8/96), 671 So.2d 315, the supreme court decided that a community property partition suit settlement was not enforceable. The parties verbally agreed to the terms of settlement and dictated those terms to a court reporter in an attorney's office, but the former wife later refused to sign either the court reporter's transcription of the agreement or a judgment prepared from the transcription.

*1046 [D]espite the parties' oral acquiescence to the terms of a settlement and regardless of whether the transcription of the oral discussion of the terms accurately reflected the substance of the negotiations, there could not be an enforceable settlement agreement under Article 3071 until those terms were reduced to a writing signed voluntarily by all parties or their authorized agents or until those terms were recited in open court with the consent of the parties. Until either of these contingencies occurred, the parties were free to withdraw their consent to the oral agreement, because until that point, there is no enforceable agreement.
671 So.2d at 318.
Based on Felder and Sullivan, we conclude the trial court erred in adopting the consent judgment drafted by Errol's attorney. The consent judgment drafted by Errol's attorney does not accurately reflect the counteroffer made in the letter from Lydia's attorney, nor is there proof that the consent judgment was signed by Lydia or her counsel when it was forwarded to Errol's counsel. The consent judgment, therefore, fails to comply with the requirements of Art. 3071 and is not an enforceable compromise agreement.
For the foregoing reasons, the judgment of the district court is reversed and the case is remanded for further proceedings.
REVERSED AND REMANDED.