JiTHIBODEAUX, Judge.
Louisiana Insurance Guaranty Association (LIGA), the statutory successor to Automotive Casualty Insurance Company, and Robert E. Nowell appeal the trial court’s grant of a peremptory exception of res judicata filed by American Manufacturers Mutual Insur- *317 anee Company, the uninsured motorist carrier of the plaintiff, Damien Lavan. The peremptory exception of res judicata concerned whether an agreement to settle, confirmed in open court with reference to a letter submitted to |2the court stating the terms of the settlement agreed to, was sufficient to constitute a compromise under Article 3071. The trial court held that it did.
On appeal a divided five judge panel affirmed the judgment of the trial court by a 3-2 vote. Applications for writs of certiorari were filed with the supreme court. The supreme court granted writs, vacated the judgment of this court and remanded it with instructions for us to reconsider our judgment in light of Sullivan v. Sullivan, 95-2122 (La.4/8/96); 671 So.2d 315. Lavan v. Nowell, 96-1973 (La.11/8/96); 683 So.2d 255. We have reviewed and reconsidered our original judgment in this matter and maintain our affirmance of the judgment of the trial court for the reasons contained herein. We affirm.

ISSUE

The issue in this ease is whether an enforceable settlement agreement was reached between Lavan and Nowell’s insurer.

FACTS

This ease arises out of a September 19, 1991, automobile accident. Lavan was a guest passenger in a vehicle driven by William Trailer. Trailer’s vehicle was struck from the rear by a motor vehicle driven by Nowell. On June 4, 1992, Lavan filed suit naming Nowell; his insurer, Automotive Casualty; and, American Manufacturers, the UM carrier, as defendants. On November 30, 1992, Lavan and Morris Haik, counsel for Automotive Casualty, reached a settlement agreement. Counsel for Lavan forwarded a letter to Haik indicating the terms of the agreement. The settlement was never effectuated and Automotive Casualty was subsequently declared insolvent on January 30, 1993. LIGA is the statutory successor of Automotive Casualty.
laOn April 4, 1994, American Manufacturers, the UM carrier, moved for a partial summary judgment and filed a peremptory exception of res judicata. The motion for summary judgment was denied. The trial court reserved decision on the exception of res judicata pending consideration of post-trial briefs.
The trial court ultimately sustained American Manufacturers’ peremptory exception, finding that Automotive Casualty’s verbal settlement of Lavan’s personal injury claim, before Automotive Casualty was declared insolvent, was sufficient to meet the requirements of La.Civ.Code art. 3071. The trial court held that the correspondence from La-van’s attorney reflecting his version of the settlement, coupled with the statement by counsel for Automotive Casualty at the hearing on the peremptory exception that a verbal agreement had been reached, was sufficient under La.Civ.Code art. 3071; thus, the settlement was enforceable.
LIGA and Nowell appeal, contending that the trial court erred in finding an enforceable settlement based solely upon Lavan’s settlement letter, even though the parties stated in open court during argument on the peremptory exception that such verbal agreement had been made. We disagree with the contentions of LIGA and Nowell and affirm the decision of the trial court.

LAW AND DISCUSSION

Louisiana Civil Code Article 3071 provides in pertinent part:
A transaction or compromise is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on....
This contract must be either reduced into writing or recited in open court and capable of being transcribed from the record of the proceeding. The agreement recited in open court confers upon each of them the right of judicially enforcing its performance, although its substance may thereafter be written in a more convenient form.
JjThe codal article mandates that either the agreement be written or recited in open court. The absence of a writing or recitation in open court, renders the agreement unenforceable. Scott v. Green, 621 So.2d 1 (La. *318 App. 4 Cir.), writ denied, 629 So.2d 1139 (La.1993). First, we will examine the present ease for evidence of a written agreement. Next, we will ascertain whether the agreement was recited in open court, capable of being transcribed from the record of the proceeding.
The purpose of the writing requirement is “to serve as proof of the agreement and the acquiescence therein.” Bourgeois v. Franklin, 389 So.2d 358, 361 (La.1980). A compromise agreement which is not reduced to writing is unenforceable. Felder v. Georgia Pacific Corp., 405 So.2d 521 (La.1981). The requirement that the compromise agreement be written does not necessarily mean that the agreement must be contained in one document. However, the purpose of the writing requirement is to serve as proof of the agreement and acquiescence therein and, as such, must be signed by both parties. Id. A letter by one of the parties setting forth their understanding of the agreement is not an agreement of the parties reduced to writing. Scott, 621 So.2d 1.
In this ease, it is clear that counsel for Lavan sent a letter to Nowell’s attorney on December 2, 1992, confirming settlement of the case for $8,000.00 and making arrangements to pick up the settlement cheek. However, there is nothing written in the record that shows agreement by Nowell, his insurer, or their attorney to the terms stipulated in correspondence. There are two written memos in the record that seem to have been generated by Nowell’s liability insurer; however, neither of these show agreement on its part to settle. Instead, the memoranda merely show that the liability insurer gave authority to settle for not more than $8,500.00. Accordingly, we do not find that a written agreement exists.
IsWe next examine the record to see whether there was an oral recitation in open court of an agreement to settle which was capable of being transcribed from the record. The purpose of prescribing the form of a transaction and compromise in La.Civ.Code art. 3071 is to insure the proper proof of extrajudicial agreements. If such agreement is recited in open court and is capable of transcription from the record, the agreement will be treated as though it were a written contract. Kee v. Cuco’s, Inc., 618 So.2d 12 (La.App. 3 Cir.), writ not considered, 620 So.2d 852 (La.1993).
American Manufacturers depends upon the acknowledgment, made by Nowell’s attorney during the hearing on American Manufacturers’ peremptory exception, that he had entered into a verbal agreement to settle the case just prior to Automotive Casualty’s insolvency. There is no description of the terms of the settlement in the court colloquy that would enable anyone to transcribe the settlement terms. Nevertheless, the trial court found that counsel for both parties conducted settlement negotiations in good faith and arrived át a verbal agreement satisfactory to both. Therefore, the trial court held that the parties showed the verbal agreement fell within the limited exception to the writing rule required by La.Civ.Code art. 3071. We agree with the trial court.
The record reflects that Lavan’s attorney sent a letter to Automotive Casualty’s attorney stating:
This letter is to confirm our conversation of November 30, 1992 in which we settled the above captioned matter for EIGHT THOUSAND AND NO/100 ($8,000.00) DOLLARS plus court costs. It is my understanding that you will contact me Thursday, December 3,1992 on whether or not I can pick up the check on Thursday or Friday. It is also my understanding that you will stipulate to the settlement if we cannot obtain the check prior to the trial date.
This letter, admitted into evidence, along with the parties’ admission in open court that a settlement agreement had been reached is sufficient to establish the existence of a |6settlement agreement. Also, the attorney for Automotive Casualty admitted in open court that the letter set forth the oral agreement. Because the letter was admitted into evidence, the terms of the agreement to settle are capable of transcription as required by La.Civ.Code art. 3071. Further, Article 3071 allows the substance of the agreement to settle, admitted in open court, to “thereafter be written in a more convenient form.”
*319 In Sullivan v. Sullivan, 95-2122 (La.4/8/96); 671 So.2d 315, a former husband and wife verbally agreed to the terms of a settlement regarding community property and dictated these terms to a court reporter in an attorney’s office. Ms. Sullivan was dissatisfied with the court reporter’s transcription because she felt it did not reflect what had been agreed upon during the negotiations. Mr. Sullivan’s attorney drafted a proposed judgment allegedly encompassing the terms of the agreement as transcribed by the court reporter. Ms. Sullivan refused to sign the proposed judgment, and Mr. Sullivan filed a rule to enforce the “Article 3071 settlement.” The trial court issued a judgment adopting the agreement as transcribed by the court reporter as its judgment. Ms. Sullivan appealed, and the Second Circuit Court of Appeal affirmed. The supreme court held that an agreement given in the presence of a court reporter at an attorney’s office did not constitute a recitation “in open court” for purposes of Article 3071. Id. at 318.
In Sullivan, the supreme court also noted that a judge’s adoption of a transcription of an oral agreement not signed by all of the parties does not constitute a recitation in open court of the agreement because the parties’ consent is necessary, and it was clear that the appellant no longer consented to the terms of the oral agreement. Id. at 318. Sullivan is distinguishable from the present ease because Sullivan concerned the transcription of an agreement and both parties did not affirm in open court that the transcription correctly set forth their oral agreement. In this case, |7both parties admitted in open court that the letter in the record correctly stated the settlement agreement and that they had consented to the settlement.
In Guarisco v. Haskins, 93-1239 (La.App. 3 Cir. 5/4/94); 640 So.2d 575, 577, unit denied, 94-1464 (La.7/1/94); 641 So.2d 208, this court announced that LIGA was created to “avoid excessive delay in payment ... to claimants and policyholders because of the insolvency of an insurer.” The Louisiana Supreme Court has held that LIGA’s provisions “must be interpreted to protect claimants and policyholders and to advance their interests rather than the interests of the association.” Senac v. Sandefer, 418 So.2d 543, 546 (La.1982). To this end, compromise agreements between parties to avoid litigation are favored by law. Courts will not declare a settlement agreement void without a clear showing that it violated good morals or public interest. Guarisco, 640 So.2d 575.
For the foregoing reasons, we conclude that an enforceable settlement existed and LIGA is obligated to honor it.

CONCLUSION

For the above reasons, the judgment of the trial court is affirmed at the cost of the appellants.
AFFIRMED.
AMY, J., dissents and assigns reasons.
PICKETT, J., dissents for the reasons assigned by AMY, J.