hLOBRANO, Judge.
Plaintiff, Edwin Dammann, Sr., appeals the First City Court judgment granting defendant, International Indemnity Company’s, Motion to Enforce Settlement Agreement. We reverse and remand.
The facts as alleged in plaintiffs brief[1] are as follows: On February 7, 1993, plaintiff was a passenger in a vehicle which was struck by a vehicle driven by Allan Molero, Jr., owned by Dana Molero and insured by International Indemnity Company. Plaintiff retained attorney Karl Kirchberg to represent him regarding his damages resulting from this accident. Plaintiff claims that he incurred expenses for medical treatment and prescriptions and also claims that he suffered a loss of income for two months as a result of injuries sustained in the accident.
In July of 1993, Kirchberg negotiated a settlement with International Indemnity Company for plaintiffs damages. According to plaintiff, this settlement was negotiated by Kirchberg without the knowledge or authorization of plaintiff. When plaintiff learned of the settlement, he discharged Kirchberg and *345 retained new counsel who contacted defendant’s adjuster and notified her that plaintiff did not ^authorize the settlement. The adjuster instructed the plaintiff to return the unsigned settlement draft if it was not acceptable. The plaintiff returned the draft.
Subsequently, plaintiff filed a suit for damages against the Moleros and International Indemnity Company. International Indemnity then filed a motion the enforce the aforementioned settlement. The trial judge granted defendant’s motion and ordered the plaintiff to accept the settlement of $1,318.39 tendered by defendant and to sign a release and motion to dismiss with prejudice to facilitate a dismissal of plaintiffs cause of action against defendants. The trial judge did not issue reasons for judgment and the arguments of counsel at the hearing on the motion are not contained in the record.
In his sole argument on appeal, plaintiff argues that the trial judge erred because plaintiff neither authorized nor agreed to a settlement nor was the settlement reduced to writing. Plaintiff cites La. C.C. art. 3071 which provides:
A transaction or compromise is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing.
This contract must be either reduced into writing or recited in open court and capable of being transcribed from the record of the proceeding. The agreement recited in open court confers upon each of them the right of judicially enforcing its performance, although its substance may thereafter be written in a more convenient form.
In Felder v. Georgia Pacific Corp., 405 So.2d 521 (La.1981), the Louisiana Supreme Court stated that the requirement of La. C.C. art. 3071 that a settlement agreement be reduced to writing necessarily implies that the agreement be evidenced by documentation signed by both parties. The Court went on to state as follows:
1 ¡¡However, the requirement that the agreement be in writing and signed by both parties does not necessarily mean that the agreement must be contained in one document. It would suffice that there be a written offer signed by the offerer and a written acceptance signed by the acceptor, even if the offer and the acceptance are contained in separate writings. In other words, where two instruments, when read together, outline the obligations each party has to the other and evidence each party’s acquiescence in the agreement, a written compromise agreement, as contemplated by La. C.C. art. 3071, has been perfected. Id. at 523-524.
In Felder, the plaintiff signed a release which was found to be an offer to settle. The Court held that this release, when combined with a draft from the insurer of the defendants which was identified as settlement funds and sent to plaintiff, was sufficient to constitute an enforceable settlement agreement.
In the instant case, the record is devoid of any evidence showing that plaintiff ever signed a release or settlement offer or authorized his attorney to do so on his behalf. In addition, the settlement draft was returned as per defendant’s instructions. In Smith v. Schultz, 546 So.2d 596, 597 (La.App. 3rd Cir.1989), the Third Circuit, citing F & S Equipment v. International Matex Tank Terminals, 469 So.2d 256 (La.App. 4 Cir. 1985), writ denied, 475 So.2d 358 (La.1985), stated: “Although attorneys are presumed to have the authority to negotiate a settlement proposal for their clients, attorneys may not enter into a binding agreement without their chent’s clear and express consent.” No such consent has been demonstrated in the instant case. And, like the facts in Smith v. Schultz, plaintiff in this case did not negotiate the settlement draft and never signed a release. And, even if there was some evidence of a verbal assent on his part, that would have been insufficient since La. C.C. art. 3071 requires that all settlements either be recited in open court or be in writing. Although the record contains correspondence from the plaintiffs former attorney accepting the defendant’s |4settlement offer, there is no evidence that the plaintiff expressly authorized *346 that acceptance as required by La. Civ.Code art. 2997. Because the plaintiff did not expressly authorize his attorney to accept the defendant’s offer, no settlement was effected. In fact, based on correspondence in the record, it appears that the plaintiff had discharged his former attorney and retained other counsel shortly after the accident. In addition, defendant’s representative, acknowledging that the former attorney did not have the authority to settle the claim, responded by requesting that the plaintiff return the settlement cheek if the amount offered in settlement was not acceptable.
Accordingly, for the reasons assigned, we reverse the trial court judgment and remand for further proceedings.
REVERSED AND REMANDED.

. The defendant did not file an appeal brief.