*909
 
 HILLARY J. CRAIN, Judge Pro Tem.
 

 [¿This is an appeal by Marianne Judice and Ellis Bourque, Jr., plaintiffs-appellants, from a judgment granting a motion to enforce a settlement agreement urged by American Cyanamid Co., defendant-ap-pellee. Because the facts here do not establish that any settlement agreement was ever perfected, we vacate the judgment and remand the matter to the district court for further proceedings consistent with this opinion.
 

 The underlying facts of this litigation are as follows. Ellis Bourque, Sr. worked for a number of employers over the course of his life. He was diagnosed with asbestosis later in life. In 1995 he and his wife, Opal Grace Bourque, sued a number of his prior employers alleging that exposure to asbestos while in their employ had caused his.condition. Upon his death in 1997, his wife Opal and Marianne Judice and Ellis Bourque, Jr., his two natural children with another woman, asserted wrongful death and survival action claims by way of an amended petition.
 

 IsOpal died in 2008. On July 23, 2010, American Cyanamid Co., one of the defendants, filed a motion to continue a September 20, 2010, trial date on grounds that Michael Fisher and Wesley Swisher, two children of Opal from another union, had to be notified of the pending trial and given an opportunity to respond. Counsel for plaintiffs represents that at an August 19, 2010, hearing on this motion, the trial judge ordered one of the defendants to notify Fisher and Swisher of their potential claims. Fisher and Swisher substituted themselves as plaintiffs for their mother, Opal, on August 30, 2010. It is also represented in brief by plaintiffs’ counsel that on July 26, 2010, prior to Fisher and Swisher joining the suit, a mediation was held amongst counsel for the plaintiffs and only some of the numerous defendants. They further represent that a settlement figure of $300,000 was agreed to by plaintiffs and five of the defendants, but that no writing was produced or signed at that time. No evidence as to any other details of this agreement appears in the record.
 
 [1]
 

 The documentary evidence presented at the hearing on the motion to enforce the settlement shows that although a settlement document reciting a settlement figure of $200,000 was confected and sent to the plaintiffs, it was never signed by them. Neither was it signed by any of the defendants. It was also shown that a $50,000 check from one of the defendants, Peter Kiewit
 
 &
 
 Sons, was received and deposited in plaintiffs’ counsels’ trust account. It is further represented by plaintiffs’ counsel that the funds were returned to the defendant that had sent the check.
 
 [2]
 
 Other evidence, consisting of e-mails whose authenticity is not contested by any party, shows that plaintiffs were concerned about an indemnification clause |4in the settlement document which would render them liable for any judgment which Fisher and Swisher might obtain against any of the settling defendants. When plaintiffs refused to sign the agreement, American Cyanamid urged the present motion to enforce the settlement. After a hearing, the trial judge issued a judgment granting the motion. This appeal followed.
 

 
 *910
 
 As an initial matter, American Cyanamid asserts that this is not an ap-pealable judgment. We disagree. Article 3080 of the La. Civil Code provides that “[a] compromise precludes the parties from bringing a subsequent action based upon the matter that was compromised.” The comments to this article note that an attempt to re-litigate these matters would be properly met by the peremptory exception of
 
 res judicata.
 
 A compromise is thus equivalent to a final judgment, and the order that the settlement be enforced is thus appealable as a final judgment.
 
 See Dozier v. Rhodus,
 
 2008 CA 1813 (La.App. 1 Cir. 5/5/09), 17 So.3d 402.
 

 The parties to the alleged settlement agreement are Judice and Bourque, Jr., plaintiffs, and five of the defendants, namely American Cyanamid Co., Peter Kiewit & Sons, Entergy Louisiana, Enter-gy New Orleans and Gulf Engineering, LLC, the settling defendants.
 

 The evidence presented at the hearing in the matter consisted of the alleged settlement agreement, a letter sent via fax, several e-mails, and a copy of the check for $50,000.
 

 The following are the pertinent documents. The first exhibit (A), the faxed letter, is by Roshawn H. Donahue, one of plaintiffs’ counsel, dated August 9, 2010. It is addressed to numerous opposing counsel and notes that a deposition has been cancelled. It further recites that “plaintiffs have reached a resolution of this matter with American Cyanamid, Peter Kiewit & Sons, Union Carbide Corporation, Entergy Louisiana and Gulf Engineering. ...”
 

 |sThe next exhibit (B) is an e-mail from McGready Richeson, counsel for Union Carbide, to plaintiffs’ attorneys as well as numerous other defense counsel, dated August 12, 2010. It states: “Attached for review and signature please find the Compromise Agreement and Receipt and Release on behalf of the remaining premises defendants, excluding Union Carbide. After you have had the opportunity to review, please have your clients execute same and return the original to me.” The attached agreement (C) recites that the settlement is for $200,000, and it contains the indemnification clause which would render plaintiffs liable to reimburse the settling defendants for any amounts which any other potential claimants might recover from them up to the $200,000 limit. This clause obviously is directed to the potential claims of Fisher and Swisher.
 

 The next exhibit (D) is an August 12, 2010, e-mail from Larry Centola, plaintiffs’ counsel, to Richeson, which says “The release for [redacted] is going to the clients. Where do we stand on the [redacted] from U[nion] C[arbide].” This is followed by another e-mail (E) of August 26, also from Centola to Richeson which says “Release from the other defendants for the [redacted] will be sent to you tomorrow. What else do we have to do to get the U[nion] C[arbide] money?”
 

 The next document (F) is a copy of the August 24, 2010, check for $50,000. The front shows that it is made to Martzell and Bickford (plaintiffs’ counsel’s law firm), and Marianne Judice and Ellis Bourque, Jr. The reverse shows an endorsement for deposit only by a Martzell and Bickford stamp, and the hand written names of Marianne Judice and Ellis Bourque Jr.
 

 The next e-mail (G) of September 9, 2010, from Centola to various opposing counsel states:
 

 McGready [Richeson] did a great job of putting a deal together. Unfortunately, because the Frilot firm insisted on contacting Mssrs. Fisher and Swisher, our deal at $300,000 is in jeopardy.
 

 
 *911
 
 | (¡Perry Roussel last week indicated that his clients will not recognize the $300,000 settlement, will not participate in the settlement, will not share in the settlement, and believes his clients still have a claim against your clients. Thus we cannot sign the settlement documents as drafted. If you wish to settle with my clients (Bourque, Jr. and Judi-ce) for the same amounts, we are willing to do so, although I am sure that your clients expected finality to the case with the sums agreed upon. Frankly, we assumed finality too until Frilot took the position that was adverse to his clients, adverse to our clients, and adverse to your clients.
 

 Please let me know how you wish to proceed. It is unlikely that Bourque, Jr. and Judice’s settlement number will go down from the $300,000 mark with your clients after Mssrs. Fisher and Swisher begin discovery, but we are always willing to settle with your clients for the same $300,000.
 

 The next relevant e-mail (H), dated September 9, 2010, from Erin Parkinson, counsel for American Cyanamid, to Cento-la and other counsel states pertinently that “we can at least agree on two things: the amount of the settlement $300,000 and focusing on the Saints for the rest of the day.”
 

 On the above evidence the trial judge granted American Cyanamid’s motion to enforce the settlement agreement. In his reasons for judgment he found that “once the settling plaintiffs negotiated the settlement check, there was a perfected settlement agreement, as contained in the Release Documents, between those plaintiffs and the settling defendants.” Plaintiffs now appeal that judgment.
 

 Because the existence or not of a compromise agreement is dependent on factual determinations of the parties intent, the standard of appellate review is manifest error.
 
 Klebanoff v. Haberle,
 
 43,-102 (La.App. 2 Cir. 3/19/08), 978 So.2d 598.
 

 The law as to the formalities of a compromise agreement is found in La.C.C. Art. 3072, which states:
 

 A compromise shall be made in writing or recited in open court, in which case the recitation shall be susceptible of being transcribed from the record of the proceedings.
 

 17This article was enacted in 2007, and replaced the prior Art. 3071 (1870), but it was not intended to change the law. The jurisprudence interpreting the prior article is thus still applicable. In the leading case of
 
 Sullivan v. Sullivan,
 
 95-2122 (La.4/8/96), 671 So.2d 315, the court discussed at length the requirements for a valid compromise. It first noted that the policy underlying the requirement that there be a writing is to insure that there be proof in these extra-judicial agreements of the obligations to which the parties have bound themselves. In that regard, the court stated that such agreements must be signed by the parties to serve as written proof that they had acquiesced in the agreement. It held that without a signed agreement, there was no valid compromise.
 

 In an earlier case,
 
 Felder v. Georgia Pacific Corp.,
 
 405 So.2d 521 (La.1981), the court had held that although a signed writing was needed, that writing could be in more than one document so long as the documents when read together evince the parties’ agreement as to the terms contained therein.
 

 In the present case, we have reviewed the evidence of record and do not find any factual basis to conclude that a valid compromise had been reached. There is no question that the compromise agreement was not signed by any party,
 
 *912
 
 either plaintiffs or defendants. Second, all of the e-mails refer to a settlement figure of $300,000, yet the proposed agreement recites that the settlement figure is $200,000. No explanation for this discrepancy appears anywhere in the record. Third, the letter sent via fax by Donahue to all other counsel on August 9, recites that a resolution of the matter has been reached and included among the settling defendants Union Carbide. Subsequent emails between Richeson, counsel for Union Carbide, and Centola make clear that Union Carbide did not agree to a settlement. Further, although the settlement agreement was sent to Centola by Richeson, and presumably prepared by him, that agreement does not name his | Rclient as being a party to the agreement. In its brief here, American Cyanamid points to other correspondence between Centola and Richeson, namely the e-mails of August 17 and August 26, as proof that an agreement had been confected, but we again note that Richeson was not representing any of the settling defendants, and therefore could not have been acting on their behalf.
 

 The final issue concerns the $50,000 check. The check recites that it is in “settlement of Ellis Bourque,” but no other terms are indicated, nor is there any reference to the settlement agreement. Moreover, the settlement agreement nowhere mentions any particular amount to be paid by the individual settling defendants, and there is no other evidence to tie the check to the purported compromise agreement other than the fact that Peter Kiewit & Sons is a defendant named in that document. The evidence presented by American Cyanamid, and especially the September 9 e-mail from its attorney Parkinson to Centola, all indicate a settlement figure of $300,000, the agreement states $200,000, and the check is only for $50,000. Thus the check cannot be construed as proof that plaintiffs accepted the compromise. We also note that there is no evidence that the funds were dispersed to the plaintiffs, but only that they were placed in their attorney’s trust account, and it is admitted that they were subsequently returned to Peter Kiewit & Sons.
 

 As held in
 
 Sullivan v. Sullivan, supra,
 
 a compromise agreement must be in writing and signed by the parties. Although the agreement may appear in different documents, those documents must nonetheless clearly evince that the parties acquiesced in the agreement because they are legally bound to abide by its terms.
 
 Felder v. Georgia Pacific Corp., supra.
 
 Here, no party signed the written compromise agreement. We must therefore look to other writings for evidence of an agreement. This we simply do not find. The emails between Richeson and [ flCentola might indicate that an agreement had been reached, but as noted above, Richeson was not representing any of the settling defendants and was thus a stranger to the negotiations. All of the writings refer to a settlement of $300,000, yet the agreement gives a figure of $200,000, and the check is for yet another amount. In these circumstances, it was manifest error for the trial judge to find that a binding compromise had been confected, and we so hold.
 

 For the foregoing reasons, the judgment sustaining American Cyanamid Co.’s motion to enforce the settlement agreement is vacated, and the matter is remanded to the district court for further proceedings consistent with this opinion.
 

 VACATED AND REMANDED
 

 [1]
 

 . The record before us does not contain a transcript or minutes of the August 19, 2010, hearing on the motion to continue trial. Neither is there any evidence or testimony as to what transpired at the mediation of July 26, 2010. However, the above recitation of facts is not contested by counsel for any party.
 

 [2]
 

 . There is no evidence of record regarding return of the $50,000. However, this fact is also not contested by counsel for any party.