No. 2707

**Second Circuit**

———

PHILLIPS-JONES CORP. v. CASKEY

———

(June 2, 1930.   Opinion and Decree.)
(June 2, 1930.   Rehearing Refused.)
(July 2, 1930.   Writ of Certiorari and Review Refused by Supreme Court.)

———

Wm. H. Cook, of Shreveport, attorney for plaintiff, appellee.

R. J. O'Neal and Huey P. Long, of Shreveport, attorneys for defendant, appellant.

ON APPLICATION FOR REHEARING

PER CURIAM. Counsel for appellant in his application for rehearing complains that the court did not give consideration to defendant's plea of estoppel. While we did not, in so many words, overrule the plea, we did so in effect. The only defense made was that plaintiff had accepted a compromise offered and, having done so, was estopped. We have held that the compromise was not accepted by plaintiff. It follows necessarily that the plea of estoppel falls. A re-examination of the case has not caused us to change our views.

On application for rehearing, counsel cites the case of Stewart & Co. vs. Haas, 23 La. Ann. 783. We have read that case and find that it is not in point. In the cited case, L. Haas repudiated a compromise made by his attorney on the ground that it was not authorized, and the court said:

"But of this there can be no doubt, that with a full knowledge of the agreement and of what had been done under it, he received his proportion of the funds distributed. He cannot be permitted to enjoy the fruits of the compromise and at the same time to repudiate the corresponding obligation imposed on him by it."

In the case at bar, plaintiff not only did not authorize the settlement, but refused to accept "the fruits of a compromise."

We may add that apparently the attorney in Shreveport who conducted the correspondence for his client, not the defendant in this case, but a creditor, understood that plaintiff had not agreed to the compromise, for in his letter of April 18th to plaintiff's attorney he said:

"Please give me written authority to settle this matter off with this debtor and discharge him of further liability to you upon payment of 25c on the dollar. Upon receipt of this instruction, I hope to be able to

close out with you and the balance of the creditors and send you checks."

Neither plaintiff nor his attorney made reply to this letter, and without the authority and instructions asked for, the attorney later on sent plaintiff check for 25 cents on the dollar for his claim, which check was returned.