364 So.2d 1321 (1978)
Lawrence SINGLETON et al.
v.
BUNGE CORPORATION et al.
No. 9476.
Court of Appeal of Louisiana, Fourth Circuit.
November 8, 1978.
*1322 Jesse S. Guillot, New Orleans, for plaintiffs-appellants.
R. K. Christovich, Christovich & Kearney, New Orleans, for defendants-appellees.
Before REDMANN, BOUTALL and GARRISON, JJ.
GARRISON, Judge.
Warence and Susie Charles, appellants in this matter, were the plaintiffs in one of numerous suits filed against Bunge Corporation and its insurer for damages resulting from an explosion of Bunge's grain elevator in St. Charles Parish. All suits were consolidated for trial, but prior to trial Bunge reached a settlement agreement with Michael Rodriguez, the attorney representing a number of subdivision residents, including the Charleses. However, the Charleses refused to accept the settlement. After all other matters in the litigation were concluded, Bunge filed a motion to enforce settlement agreement against the Charleses. The motion was denied initially, on the basis that the contingent fee contract entered into between Mr. Rodriguez and the *1323 Charleses required written approval of any settlement agreement. However, on rehearing the trial judge reversed his ruling and granted Bunge's motion, on the ground that the contract had no force or effect with regard to the defendants because it had not been properly recorded. The trial court adopted as its judgment the settlement agreement reached between Bunge and attorney Rodriguez. Plaintiffs-appellants appeal from this ruling.
The affidavits and memoranda filed by the parties on the motion to enforce settlement offer conflicting stories. According to Bunge,
"For some time prior to trial, counsel for defendants and counsel for Warence and Susie Charles entered into detailed settlement negotiations resulting in settlement of all claims consolidated under the above captioned matter including full and final settlement of the claims of Warence and Susie Charles for a total of $21,683.50. On the day set for trial, and in open court, Mr. Rodriguez informed the court that a full and final settlement had been agreed upon between all parties. This fact was confirmed by counsel for defendants in open court. The remaining consolidated cases which had not been settled then proceeded to trial. * * *
"Regarding all other settlements, including the settlement agreed upon with Warence and Susie Charles drafts, receipts and releases and a form of motion to dismiss were presented to Mr. Rodriguez. However, a draft in the amount of $21,683.50 was refused by Warence and Susie Charles. At a meeting with the court in chambers, Mr. Rodriguez informed the court that Warence and Susie Charles had accepted the offer made prior to trial, and had authorized him to settle the case. However, once the remaining matters had gone to trial, said trial ending as a result of further agreements of settlement and compromise with other parties, Mr. and Mrs. Charles decided that they wanted more money, and are attempting to repudiate the settlement."
Bunge contends that Mr. Rodriguez's statement to the trial court regarding the settlement was a judicial confession of the settlement and, accordingly, that the Charleses cannot now refuse the compromise. There is, in addition, an affidavit from Mr. Rodriguez to the effect that he negotiated the settlement on behalf of the Charleses in his capacity as counsel of record, that the settlement offer of $21,683.50 was communicated to the Charleses and that they authorized him to accept that amount in full and final settlement. Further, he stated that on the date of trial, pursuant to his authority as counsel of record and pursuant to specific authorization of Warence and Susie Charles, he advised the court that full and final settlement had been agreed upon; and that subsequent thereto and on the same date, trial of other consolidated matters proceeded.
The Charleses filed an affidavit opposing that of Mr. Rodriguez denying that they had authorized him to accept the $21,683.50 in settlement. According to them, Mr. Rodriguez did not inform them of any settlement negotiations until the night before trial, when he called them and advised them "that he had settled their claim for $21,683.50." The affidavit alleges, further, as follows:
"That [Mrs. Charles] immediately informed Rodriguez that she and her husband had not granted any authority for the settlement at that figure and would not accept that amount; later that same night, Mr. Rodriguez came by the house with a bunch of papers which included settlement papers of other claimants, and again tried to persuade them to sign the settlement papers; that for the second time, they reiterated their disapproval of the negotiations that had been handled by Mr. Rodriguez and informed Mr. Rodriguez that they would be in Court the following morning although they were extremely disturbed that he had not notified them prior to this time of the date of trial; that on the following morning, they appeared and sat in the Court room for several hours; Mr. Rodriguez never appeared in Court on the morning of trial, *1324 while they were there; then after some time, the Judge announced from the bench that this matter had been settled and upon inquiring about this, they were informed that they should call Mr. Rodriguez; they immediately called Mr. Rodriguez from the Court house phone and wanted to know why he had not come to trial that morning; he again advised them that he had settled that claim and they again advised him that he was not instructed nor authorized to settle their claim and that after all, they had something to say about it; that they have no animosity towards Michael I. Rodriguez, but feel that his failure to discuss with them the amount of the settlement or his acceptance of a settlement without their authorization is not representation on their behalf; that subsequent to the trial date, Mr. Rodriguez again approached them, trying to convince them to sign the settlement papers, and they again advised him that they had not authorized the settlement for that amount, nor would they accept a settlement for that amount; that Warence Charles at the time of the accident was earning $3,200.00 per month from Delta Petroleum Company and Susie Charles was earning $900.00 per month from the Parish School Board; that their special damages and injuries received by them are not being compensated by the settlement of $21,683.50; that both affiants declared to me, Notary, that they did not authorize the settlement of their claim in the case of Warence & Susie Charles vs. Bunge Corporation, et al.

The Charleses contend that Rodriguez had no authority to settle the claim without their written consent, because they had signed a contingent fee with him which read, in accordance with R.S. 37:218, as follows:
"No party to this agreement shall have the right to release, settle, transact, compromise or discontinue any demand, claim, suit or action commenced pursuant to this agreement, without the written consent of each party hereto."
The Charleses claim that this provision in their contract with Rodriguez and his law firm vitiated any settlement agreement he made without their written consent.
However, R.S. 37:218, at the time relevant hereto, required that in order for the "written consent" requirement to be effective against a third party, the contingent fee contract had to be filed with the clerk of the district court in which the suit was pending and a copy served on the opposing party.[1] Defendant-appellee Bunge filed into the record an affidavit of the clerk of the trial court that no such contingency agreement between Warence and Susie Charles and Michael Rodriguez was on record. In order to be enforceable, a contingent fee contract must be in full compliance with the provisions of R.S. 37:218. Succession of Vlaho, 140 So.2d 226 (La. App.4th Cir. 1962). Thus, failure to file the contract with the clerk of court means that while the contract will be the law between the parties, it will have no effect against third parties. Guilbeau v. Fireman's Fund Insurance Co., 293 So.2d 216 (La.App.3rd Cir. 1974).
Generally, to be enforceable a contract of compromise must be in writing. C.C. Art. 3071, Lytle v. Commercial Ins. Co. of Newark, N.J., 285 So.2d 289 (La.App.3rd Cir. 1973). Moreover, the requirement of a written offer of compromise necessarily implies a written acceptance in order to make a compromise enforceable. See Dunham Concrete Products, Inc. v. Donnell Construction Co., 268 So.2d 104 (La.App. 1st Cir. 1972). Thus, the fact that defendant Bunge presented plaintiff's counsel Rodriguez with the written draft, receipt and release, and *1325 motion to dismiss did not alone complete the contract of compromise, since plaintiffs refused to sign these documents. Lytle v. Commercial Ins. Co. of Newark, N.J., supra.
Ordinarily, a party's counsel of record is assumed to be authorized by his client to engage in settlement negotiations, but he does not have authority to settle his client's claim without his client's "clear and express consent." Van Vleet Mansfield Drug Co. v. Anders, 157 So. 166 (La.App.2d Cir. 1934); Phillips-Jones Corp. v. Caskey, 13 La.App. 675, 127 So. 46 (2d Cir. 1930), reh. den., 14 La.App. 26, 128 So. 553 (1930); Phelps v. Preston, 9 La.Ann. 488 (1854). Nor, generally, can an attorney sign a binding settlement agreement on behalf of his client without a written authorization from the client. However, because a client speaks through his attorney in court, any statement made by the attorney is held to be an admission by the client. Under the provisions of C.C. Art. 2291,[2] a judicial confession is full proof against the party making it. Thus, it would appear that the statement by Mr. Rodriguez, as the Charleses "special attorney in fact," in open court that Warence and Susie Charles had agreed to settle the case for $21,683.50 is binding against them, since Bunge apparently did not learn until after trial that the Charleses refused to accept the settlement. See Nunez v. Ricks, 262 So.2d 585 (La.App.3rd Cir. 1972), writ den., 262 La. 1091, 266 So.2d 221; Morrow v. American Bank and Trust Co., 397 F.Supp. 803 (M.D.La.1975).
It is apparent from the conflict between the affidavits of Mr. Rodriguez and the Charleses that either the attorney or his clients are incorrect about the sequence of events. Rodriguez alleges that they authorized him to accept the settlement, and only refused it after trial. The Charleses allege that he did not inform them of the settlement negotiations or of the trial date until the night before trial and that he made the settlement against their express refusal. This conflict, however would have to be resolved in a separate action by the Charleses against Mr. Rodriguez.
Thus, the failure to record the contingent fee contract, together with Mr. Rodriguez's judicial confession of compromise on behalf of the Charleses as their attorney of record, preclude the Charleses from contesting the settlement agreement. Accordingly, we find no fault with the judgment of the trial court, adopting as its conclusion the settlement in the amount of $21,683.50 to be paid to Warence and Susie Charles by Bunge Corporation and the Fidelity and Casualty Company of New York.
The judgment of the trial court, as indicated, is therefore affirmed in favor of the appellees.
AFFIRMED.
NOTES
[1] See acts 1970, No. 595, § 1 for this version of R.S. 37:218. The most recent amendment, by acts 1975, No. 670, § 1 has dispensed with the requirement of service. Under the provisions of R.S. 37:218, once a contingent fee covenant has been recorded, any subsequent attempt by one party to compromise the claim without the written consent of the other party to the covenant automatically nullifies the attempted compromise, since third parties are put on notice by the filing of the covenant.
[2] The judicial confession is the declaration which the party, or his special attorney in fact, makes in a judicial proceeding.

It amounts to full proof against him who has made it.
It cannot be divided against him.
It cannot be revoked, unless it be proved to have been made through an error in fact.
It cannot be revoked on a pretense of an error in law.
La. C.C. Art. 2291.