SCHOTT, Chief Judge.
This is an appeal by the City of New Orleans and four individuals who intervened on the side of the City from a judgment of the district court in favor of Miriam C. Dolsen enjoining the City from enforcing Section 5-58.1(h) of the Code of the City with respect to Dolsen’s property at 2300 Royal Street. Dolsen’s lessee had been operating a barroom at the premises when the City took action to have the lessee’s permit to sell alcoholic beverages revoked by the City’s licensing agency, the Alcoholic Beverage Control Board. After a hearing, the Board revoked the lessee’s license. Section 5-58.1(h) provides that when a permit is revoked no new permit shall be issued for those premises for a year after the date of revocation. Dolsen successfully sought injunctive relief with respect to this provision of the City Code.
The City instituted the revocation proceedings against Dolsen’s lessee because of numerous alleged violations of the law which were proved at the hearing. In her original petition for injunctive relief, Dol-sen alleged she was unaware of these violations until she received notice of the hearing against the lessee. She alleged further that the property at 2300 Royal is zoned for residential use, but it enjoys the legal status of a non-conforming use because it has been operated as a bar since before the zoning ordinance was enacted: the zoning ordinance provides that the failure to operate as a non-conforming use for more than six months results in the loss of the property’s status as a non-conforming use; and, therefore, the one year restriction against a new license at the premises provided' by Section 5-58.1(h) would cause the property to lose its status as a non-conforming use and she will be forever prevented from operating a bar at the premises. Dolsen claims this constitutes a taking of her property without due process of law. She prayed for a reversal of the Board’s revocation of the permit, a declaration that Section 5-58.1(h) is unconstitutional as it relates to her, and injunctive relief against enforcement of Section 5-58.1(h). Dolsen subsequently dismissed her claim for reversal of the Board’s decision and proceeded to trial solely on the constitutionality of the ordinance.
In its judgment, the trial court enjoined the City and the Board from enforcing the Board’s decision and the ordinance as it applies to Dolsen and the subject premises. The judge gave the following reasons for judgment:
Because the facts upon which the owner is being deprived of a property right can take place without knowledge on the part of the property owner and without an ability to cure that problem, the court finds that the owner has been deprived of the due process of law.
At the outset, we question whether Dol-sen stated a cause of action for the injunc-tive relief she obtained. She did not allege that she was denied a permit or that any other lessee of hers was denied one. She alleged only that her former lessee’s permit was revoked and she made the eonclu-sory allegation that this would preclude anyone else from obtaining a permit because of the combined effect of the alcoholic beverage ordinance’s one year moratori *1258 um on bar permits at the property and the zoning ordinance’s six month provision for the loss of non-conforming use status.
This conclusion does not necessarily follow from the fact that the previous lessee’s permit was revoked. In Un. Prop. Mgmt. v. Alcoholic Bev. Cont. Co’n, 431 So.2d 798 (La.App. 4th Cir.1983), this court considered these circumstances: a barroom was located on premises within 300 feet of a church; the zoning law prohibited the operation of a barroom in that location; the property had enjoyed the status of a nonconforming use; because the sub-lessee who was operating the bar failed to pay his taxes, the City’s tax records showed that the business closed in April, 1980; a new sublessee applied for a permit in March, 1981, but this was denied by the City because, based on the City’s records, the property had lost its status as a non-conforming use; the property owner established that the bar had continued to operate irrespective of the previous sublessee’s failure to pay his taxes and the City’s records; the City took the position that the subles-see’s illegal operation or use of the premises could not provide the basis for the maintenance of a non-conforming use under the zoning ordinance. Because the evidence established that neither the owner nor the sublessor was aware that the sublessee had failed to pay his taxes and that the records showed the bar was out of business, the court reversed the denial of the permit to the new sublessee. The court held that this interpretation of the zoning ordinance was necessary “to avoid a violation of procedural due process which would occur if the property owner were to be deprived of a substantial property right without notice and a meaningful opportunity to be heard.”
In the instant case, the burden of proof was on Dolsen to establish her right to injunctive relief against the City. By her own election, she decided not to order a transcript of the proceedings before the Alcoholic Beverage Control Board because of its cost. When Dolsen elected to proceed with her claim that the alcoholic beverage permit ordinance was unconstitutional, she submitted her case on the statutory scheme itself and not on the circumstances of her particular case.
The trial court did not declare the ordinance unconstitutional. Interestingly, the City and the intervenors thought so because they took their initial appeal directly to the Supreme Court pursuant to Art. 5 § 5(D) of the Louisiana Constitution. But the Supreme Court transferred the case to this court for the stated reason that “[a] law or ordinance has not been declared unconstitutional.” What the trial court did was to issue an injunction against enforcement of the ordinance “[bjecause the facts upon which the owner is being deprived of a property right can take place without knowledge on the part of the property owner, and without an ability to cure that problem.”
It is clear from this language that the trial judge granted the injunction because he thought the ordinance contained an inherent defect — some sort of a per se infirmity — whereby a property owner can be deprived of something without knowledge and without the ability to protect his rights. We have concluded that the court committed reversible error in deciding the case on this theoretical basis rather than on the facts of this particular case as was done in the United Property Management case.
Dismissal of Dolsen’s case was warranted alone by her failure to produce any evidence in her claim for injunctive relief. However, there was evidence before the trial court that over a long period of time numerous complaints were made by neighbors to Dolsen about illegal activity at this barroom. Furthermore, a multitude of complaints about such activity were made to the police. If the trial court found that this activity was taking place without Dol-sen’s knowledge, this constituted manifest error. Furthermore, Dolsen had the ability to do something about it and she failed to do so. Her lease enabled her to evict the lessee for violations of the law.
The record does not support the trial, court’s reasons for judgment or the granting of injunctive relief to Dolsen. The record shows that Dolsen, as an absentee owner of the premises, ignored complaints about her lessee’s conduct and failed to *1259 exercise her right under the lease to put an end to these objectionable activities emanating from premises which she owned.
Accordingly, the judgment appealed from is reversed and set aside. There is judgment in favor of the City of New Orleans and against plaintiff, Miriam C. Dolsen, dismissing the suit at her cost.

REVERSED AND RENDERED.

LOBRANO, J., concurs.