559 So.2d 50 (1990)
Miriam DOLSEN
v.
CITY OF NEW ORLEANS.
No. 90-C-0041.
Court of Appeals of Louisiana, Fourth Circuit.
March 14, 1990.
*51 Bruce M. Danner, Metairie, for relator.
Irving Novick, New Orleans, for intervenors.
Kathy Lee Torregano, Wm. D. Aaron, Chief Deputy City Atty., Okla Jones, II, City Atty., Deputy City Atty., New Orleans, for respondents.
Before LOBRANO, PLOTKIN and BECKER, JJ.
PLOTKIN, Judge.
Plaintiff Miriam Dolsen is the owner of a building located in a residential zone at 2300 Royal Street which she leased to Marian Helm. Both Dolsen and her tenant operated the property as a bar, Dolsen having established a "non-conforming use" zoning designation. The City of New Orleans revoked the lessee's permit to sell alcoholic beverages under Section 5-58.1(h) of the City Code. This section provides that when a permit is revoked no new permit may be issued for the premises for one year. Dolsen obtained an injunction preventing the City from enforcing this provision. This Court reversed. Dolsen v. City of New Orleans, 544 So.2d 1256 (La. App. 4 Cir.1989).
After the one year period expired, Dolsen applied for a new liquor license. This was denied because the property had lost its non-conforming status. Dolsen filed this action. Four residents of the neighborhood intervened in the case, alleging that Dolsen knew or should have known that prostitution and drug sales were taking place on the premises. Dolsen filed a motion to strike the paragraph containing these allegations from the Petition of Intervention. At the hearing on the motion, the Court asked plaintiff's counsel if Dolsen "knew or should have known of the violations." Counsel conceded that she did. Then the Court granted the motion to strike. Dolsen filed a Rule asking that counsel's stipulation be withdrawn. This was denied and plaintiff has applied for supervisory writs.
Under the Louisiana Civil Code, Article 1853:
A judicial confession is a declaration made by a party in a judicial proceeding. That confession constitutes full proof against the party who made it.' A judicial confession is indivisible and it may be revoked only on the ground of error of fact.
Relator argues that the stipulation should be revoked on the basis of "error of fact." He has submitted no evidence to show that he did not have the authority to act for his client or that the "fact" to which he stipulated is not true. A stipulation may be revoked on the basis of "error of fact" when there is evidence of such error. Lockette v. Greyhound Lines, Inc., 817 F.2d 1182, 1187 (5th Cir.1987). On the contrary, in its earlier opinion, this Court held that:
[T]here was evidence before the trial court that over a long period of time numerous complaints were made by neighbors to Dolsen about illegal activity *52 at this barroom. Furthermore, a multitude of such complaints were made to the police. If the trial court found that this activity was taking place without Dolsen's knowledge, this constituted manifest error. Furthermore Dolsen had the ability to do something about it and she failed to do so.
Dolsen, supra, at 1258.
A stipulation has the effect of binding all the parties and the court. R.J. D'Hemecourt Petroleum v. McNamara, 444 So.2d 600, 601 (La.1983), cert. denied 469 U.S. 820, 105 S.Ct. 92, 83 L.Ed.2d 39 (1984). Since an attorney speaks for his or her client in court, "any statement made by the attorney is held to be an admission by the client." Singleton v. Bunge Corp., 364 So.2d 1321, 1325 (La.App. 4 Cir.1978).
The correctness of a judicial admission cannot later be denied when the party which the admission benefited relied on it to his or her detriment. Lewis v. Willamette Industries, Inc., 499 So.2d 506, 508 (La.App. 2 Cir.1986), writ denied 501 So.2d 197 (La.1987), citing Crawford v. Deshotels, 359 So.2d 118, 122 (La.1978). In the instant case the City and intervenors relied on the admission and did not prepare evidence on the element of plaintiff's knowledge of the illicit acts.
For the above reasons, supervisory writs are denied.
WRIT DENIED.