684 So.2d 1159 (1996)
Sharon Barber GRIMES
v.
CIBA-GEIGY CORPORATION, et al.
No. 96 CA 0494.
Court of Appeal of Louisiana, First Circuit.
December 20, 1996.
William T. Lowrey, Jr., Baton Rouge, for PlaintiffAppellant Sharon B. Grimes.
Brian J. Prendergast, Baton Rouge, for DefendantAppellee CIBA-GEIGY Corp.
Ralph J. Zatzkis, New Orleans, for DefendantsAppellees CIBA-GEIGY Corp. and Dr. Robert Vignes.
Richard A. Goins, New Orleans, for DefendantsAppellees CIBA-GEIGY Corp., Kenneth DeVun, Hellen Taylor, and Michael Nuwer.
Carey T. Jones, Denham Springs, for DefendantsAppellees Jennifer H. Bennett, et al.
Before LOTTINGER, C.J., and FOIL and FOGG, JJ.
FOGG, Judge.
This matter came before the trial court on a Motion to Enforce a Settlement Agreement filed on behalf of defendants, CIBA-GEIGY Corporation (hereinafter "CIBA") and Robert Vignes. The remaining defendants, Kenneth DeVun, Hellen Rowlands Taylor, Michael Nuwer and Thomas Clausi (hereinafter the "individual defendants") joined in this motion. In response, plaintiff, Sharon Barber Grimes, filed a Motion for Withdrawal from the Joint Motion of Dismissal. Whether an agreement of compromise and settlement was confected between the individual defendants and all of the plaintiffs is the issue raised on appeal.
These parties entered into settlement negotiations in November of 1994; thereafter, numerous letters and facsimiles were exchanged in their efforts to create a mutually agreeable settlement agreement. During this correspondence stage, Richard Goins and Janis Van Meerveld represented CIBA's interests on behalf of the individual defendants. Carey T. Jones initiated correspondence and negotiated the settlement on behalf of all of the plaintiffs, including Sharon Grimes who was represented by William Lowrey.
By letter dated February 2, 1995 and addressed to all counsel, Goins and Van Meerveld *1160 outlined the procedure for consummating the settlement process as follows:
You will note that this Agreement contains only signature blocks for counsel. CIBA has agreed that if you will each sign this Agreement, which you may do by fax, and return it to us, they can process and release the check without the plaintiffs' signatures. Once the check is received, we would like to meet with each of you and all plaintiffs to execute the complete Agreement, including Acknowledgments, at which time we will relinquish the check.
Lowrey and Jones replied by letter that the proposed settlement procedure was not satisfactory. Finally the parties agreed to implement Jones' suggestion that CIBA deliver the settlement check at the time the settlement documents were to be signed. CIBA's offer was contingent upon its acceptance by all plaintiffs and the release of all individual defendants.
On February 14, 1995, the parties met at the office of Brian Prendergast to sign the documents and deliver the check. Sharon Grimes, however, was not in attendance. Lowrey telephoned Ms. Grimes to insure that she remained in agreement with the terms of the settlement and would indeed sign the settlement documents at a later date. Pursuant to that conversation, Lowrey then signed the back of the check and a Joint Motion of Dismissal of the Claims Against Individual Defendants with Prejudice.
On February 15, 1995, Van Meerveld contacted all of the attorneys to inform them of CIBA's intention to file the Joint Motion for Dismissal of the Claims Against Individual Defendants with Prejudice, which had been signed by all attorneys. That document was filed the following day.
On February 16, 1995, counsel discussed the possibility of settling the remaining claims in the lawsuit. Later that day, settlement negotiations were discontinued on all remaining issues with CIBA and the individual plaintiffs, and Lowrey informed Goins and Van Meerveld that his client had changed her mind concerning the settlement agreement of issue here. Ms. Grimes did not sign the settlement agreement or the attached acknowledgment. She also did not endorse the settlement check; the check was not negotiated or presented for payment.
Ms. Grimes filed a Motion for Withdrawal from Joint Motion of Dismissal and the defendants filed a Joint Motion to Enforce Settlement Agreement. The trial court granted the defendants' motion and denied Ms. Grimes' motion. Ms. Grimes appeals.
The issue on appeal is whether an agreement of compromise and settlement was confected between the individual defendants and all of the plaintiffs. Ms. Grimes contends that a settlement agreement has not been confected because she has neither signed the settlement documents nor negotiated the settlement check. CIBA urges that a settlement and compromise has been reached relying on the fact that Ms. Grimes attorney signed the back of the check and the Joint Motion of Dismissal of the Claims Against Individual Defendants with Prejudice.
The requirements for an enforceable settlement agreement are set forth in LSA-C.C. art. 3071, as follows:
A transaction or compromise is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing.
This contract must be either reduced into writing or recited in open court and capable of being transcribed from the record of the proceeding. The agreement recited in open court confers upon each of them the right of judicially enforcing its performance, although its substance may thereafter be written in a more convenient form.
Generally, a party's counsel of record is assumed to be authorized by his client to engage in settlement negotiations. Singleton v. Bunge, Corp., 364 So.2d 1321 (La. App. 4 Cir.1978). However, he is without authority to settle his client's claim without his client's clear and express consent. LSA-C.C. art. 2997A(8). This express consent may be granted by written or oral agreement between the parties. Ward v. Pennington, *1161 434 So.2d 1131 (La.App. 1 Cir.1983), writs denied, 438 So.2d 572, 576 (La.1983).
Lowrey testified that Ms. Grimes did not authorize him to settle the claim for her, rather she advised him that she agreed with the terms of the settlement agreement and would sign the document at a later date. He stated that he signed the check and motion for dismissal on his own behalf and as a mere convenience so that he would not have to do so at a later date. Van Meerveld testified that she, too, anticipated that Ms. Grimes would sign the documents for herself. Without some evidence that Ms. Grimes' expressly gave authority to Lowrey to settle her claim, we find he had no authority to do so under LSA-C.C. art. 2997A(8). Therefore, the settlement agreement does not comply with Civil Code Article 3071 as it was not reduced to writing. Hence, it is unenforceable.
For the foregoing reasons, the judgment of the trial court is reversed. The defendant's motion to enforce the settlement agreement is denied. Judgment is rendered is favor of Ms. Grimes granting her Motion to Withdraw from the Joint Motion of Dismissal. The case is remanded for further proceedings. Costs are assessed against the defendants.
REVERSED, RENDERED AND REMANDED.