724 So.2d 271 (1998)
Lynda Lyons LANDRY
v.
Timothy J. LANDRY.
No. 97-CA-1839.
Court of Appeal of Louisiana, Fourth Circuit.
November 25, 1998.
Catherine L. Lafleur, Loyola Law Clinic, New Orleans, for Plaintiff/Appellee.
Theon A. Wilson, New Orleans, for Defendant/Appellant.
Before SCHOTT, C.J., and JONES and WALTZER, JJ.
JONES, Judge.
Defendant/Appellant, Timothy Landry, seeks review of the trial court judgment ordering him to pay child support. Mr. Landry instituted the present action seeking reversal of the trial court's February 25, 1997 judgment, wherein the trial court determined his monthly income to be $4,833. Mr. Landry argues that the Court erroneously computed the amount of income attributable to him, and erred in the amount of resulting arrearages owed in relation to his monthly income.

FACTS
On October 25, 1994, Timothy Landry, appellant (hereinafter Mr. Landry), and Lynda Lyons Landry, appellee (hereinafter Mrs. Landry), were divorced by Judgment rendered by the Civil District Court for the Parish of Orleans. In the same divorce proceeding, the parties were awarded joint custody of their two minor children, with Mrs. Landry designated as the primary domiciliary parent. On March 21, 1994, Mr. Landry was ordered to pay child support to Mrs. Landry in the amount of $1000 per month, for both children, and to pay school tuition and registration fees for both children who attended St. Puis school. On April 30, 1996, *272 Mr. Landry filed a rule to terminate child support or alternatively reduce child support.
On May 16, 1996, Mrs. Landry filed a rule for contempt for non-payment of child support and school fees against Mr. Landry. The rule to reduce/terminate child support and the rule for contempt were both set for hearing on June 21, 1996. On June 17, 1996, Deonne DuBarry, Mr. Landry's counsel of record, filed a motion and order to withdraw as counsel of record, after Mr. Landry requested that she cease to represent him. However, because Mr. Landry was unrepresented by counsel, the hearing set for June 21, 1996 was continued until August 1, 1996. Because Mr. Landry had already paid child support through May 1996, the trial court only ordered him to pay child support that he owed for June 1996 due by July 1, 1996. On August 5, 1996, the matter came before the court for a status conference. At the conclusion of the status conference, Mr. Landry was ordered to pay past due child support in the amount of $3,000, within 15 days.
On August 26, 1996, both parties appeared before the Court for the child support hearing. Clarence Roby represented Mr. Landry, and Cheryl Buchert was counsel for Mrs. Landry. During this hearing, Mr. Landry was questioned by Cheryl Buchert, counsel for Mrs. Landry, about checks which he submitted in answer to a records deposition. It was determined that Mr. Landry had stated in answer to an interrogatory that personal checks were designated with the initials T.L. in the lower left hand corner. The trial court stated that it was going to stop the questions, review the checks, and determine whether the checks were business or personal expenses. Further, the trial court interrupted the hearing and instructed the parties to "come up with what Mr. Landry's monthly income is and what he pays on bills monthly." Before recessing to consider the matter, the court ordered Mr. Landry's counsel to present 1996 revisions of Mr. Landry's personal and business expenses. The trial court subsequently dismissed Mr. Landry's rule to terminate child support. However, the rule to reduce child support remained pending.
On September 26, 1996, Mr. Landry filed a motion seeking to modify child support. The rule was set for hearing on October 22, 1996. By virtue of an order rendered on November 25, 1996, all pending rules were continued without date. On December 4, 1996, Mrs. Landry filed a motion for expedited hearing on contempt rules, which was subsequently scheduled for December 16, 1996. On December 16, 1996, the matter came before the trial court on the issue of contempt, and the rules for past due child support and for reduction of child support were also heard before the Court. Both parties stipulated that Mr. Landry owed $4,500 in child support arrearages, based on child support payments of $1,000 per month that he was ordered to pay. It was agreed that this was the amount owed, without regard to the rule for reduction in child support filed by Mr. Landry. On the same date, the attorneys for both parties agreed that the Court had the documents necessary to rule on the child support reduction. The trial court again interrupted the proceedings, and received no documentary evidence or testimony into the record.
On February 25, 1997, the Court rendered judgment with reasons, and Mr. Landry's monthly income was determined to be $4,833.00. Mr. Landry now seeks to appeal the February 25, 1997 judgment as to the computation of his income and the resulting arrearages in child support. Mr. Landry argues that, other than a reference to a lengthy consideration of Mr. Landry's finances, the judgment fails to include the basis upon which the trial court made such a determination. Thus, the trial court could not properly fix or compute Mr. Landry's income without the benefit of supporting documentation.

DISCUSSION
Mr. Landry argues that this Court must reverse the erroneous ruling of the trial court in the instant case, because the record is "devoid of any testimony or other evidence reflecting the amount of Mr. Landry's income." Additionally, Mr. Landry also argues that the record does not reflect any stipulation of the parties relative to the amount of Mr. Landry's income. We disagree.
*273 It is clear from the record that counsel for both parties agreed and stipulated that the trial court had all of the documents that it needed to rule on the reduction in child support. Such a statement inherently includes a stipulation to Mr. Landry's monthly income. The canceled checks and documents contained in the Exhibits envelope in the record were stipulated to by both counsels as being sufficient evidence to make a ruling in this case. Thus, the trial court, in using those very documents to calculate Mr. Landry's income and reduction in child support, was correct in its ruling. Contrary to Mr. Landry's argument, the record contains sufficient evidence to show that the trial court was not manifestly erroneous in its computation of his monthly income. The evidence shows that Mr. Landry's personal expenses for 14 months totaled $58,544.75. All necessary documents (including Mr. Landry's tax returns and personal and business checks) essential in determining Mr. Landry's income were submitted and stipulated to by both parties. The trial court had these same documents before it, and it subsequently determined that Mr. Landry's income was $4,823.00 per month.

STIPULATIONS
Mr. Landry argues that the record does not reflect any stipulation of the parties relative to the amount of his income. Mr. Landry also argues that the stipulation made by his counsel should be revoked on the basis of manifest error.
An admission by stipulation of counsel is of the strongest type. Irving v. E. Sondheimer Co., 126 So.2d 401 (La.App. 2 Cir.1960). A stipulation may be revoked on the basis of "error of fact" when there is evidence of such error. Dolsen v. City of New Orleans, 559 So.2d 50 (La.App. 4 Cir. 1990), citing, Lockette v. Greyhound Lines, Inc., 817 F.2d 1182, 1187 (5th Cir.1987). However, in the present suit, such is not the case, because there is no evidence of any "error of fact."
In Melanson v. Melanson, 94-884 (La.App. 5 Cir.1995), 652 So.2d 114, the court held that the parties' oral stipulation in open court setting the amount of child support conferred upon either party the right to seek judicial enforcement of the execution of the agreement, even though the stipulation was not reduced in writing.
A stipulation has the effect of binding all the parties and the court. Dolsen, supra, citing, R.J. D'Hemecourt Petroleum v. McNamara, 444 So.2d 600, 601 (La.1983), cert. denied, 469 U.S. 820, 105 S.Ct. 92, 83 L.Ed.2d 39 (1984). Since an attorney speaks for his or her client in court, "any statement made by the attorney is held to be an admission by the client." Dolsen, supra, citing, Singleton v. Bunge Corp., 364 So.2d 1321, 1325 (La.App. 4 Cir.1978).
A trial court is bound to render judgment in accordance with the stipulations of the parties where the stipulations were not in derogation of the law. General Investment, Inc. v. Thomas, 400 So.2d 1081 (La.App. 4 Cir.1981). In Wickliffe v. Cooper & Sperrier, 161 La. 417, 108 So. 791 (La.1926), our Supreme Court found that stipulations between the parties in a specific case were binding upon the trial court in the disposition of that case, where the stipulations were not in derogation of the law. The Supreme Court reasoned that:
The trial court is in error if it refuses a stipulation as relating to the agreements between the parties affecting only their own rights and obligations towards each other, so long as these agreements do no impinge upon or interfere with the court's general powers, duties or perogatives.
A plaintiff and defendant, sole parties to a litigation, may agree that plaintiff shall have judgment as prayed for ... and the judgment must not only carry out but enforce that agreement, because that agreement then becomes the law of the case.
In Suffrin v. Dupont, 241 So.2d 581 (La. App. 1 Cir.1970), the First Circuit affirmed the ruling of the trial court whereby the trial court determined that the defendant entered a stipulation in the record that all of the documents it requested from the plaintiff were produced. The appellate court found that there was no error in admitting the documents into the record because of the *274 stipulation, and that the stipulation was controlling.

STANDARD OF REVIEW
Ordinarily, trial court findings of fact are reviewed on appeal under the manifest error standard. However, where one or more legal errors interdict the trial court's fact-finding process, manifest error standard is no longer applicable. Also, if the record is otherwise complete, the appellate court can make its own independent de novo review of record and determine preponderance of evidence. Moore v. Clark (La.App. 1 Cir.1987), 517 So.2d 293. However, such is not the case in the present suit against Mr. Landry. Furthermore, the trial court committed no legal errors. Therefore, manifest error is the controlling standard in this case.
The appellant's counsel acknowledged that the trial court had all of the documents necessary to decide on the rule for reduction of child support. Therefore, when the trial court subsequently determined that Mr. Landry's income was $4,823.00, based upon all of the documents before her, she did not commit manifest error.
Thus, this Court will not disturb the determination of the trial court holding that Mr. Landry's child support obligation was $975.00 per month and that he owed child support arrearages totaling $4,750.00. Trial court's findings are subject to manifest error rule; and under that rule, Courts of Appeal may not set aside trial court's finding unless there is manifest error or finding is clearly wrong. DeFatta v. General Motors Corp. (La.App. 2 Cir.1992), 605 So.2d 616. Therefore, we affirm the judgment of the trial court.
AFFIRMED.