J^EDWIN A. LOMBARD, Judge.
This case arises out of an action to collect a balance due under an Agreement of Sale. The trial court rendered a summary judgment in favor of the defendant, thereby dismissing the case. For the reasons assigned, we reverse.

STATEMENT OF FACTS AND PROCEDURAL HISTORY:

Plaintiff, Erich Koeniger (Koeniger), was the sole shareholder of Koeniger Lens International, Inc. (KLI), a contact lens manufacturing business, formerly d/b/a Gulf Coast Contact Lens, Inc. (Gulf Coast). On April 30, 1997, Koeniger sold the business to defendant, David E. Newsome, M.D. (Newsome), who would thereafter operate the business as Gulf Coast.
An Agreement of Sale (Agreement) was perfected and the parties agreed upon a purchase price of $180,000.00 payable over five years at the rate of $3,000.00 per month. Newsome executed the Agree *654 ment and a promissory note both as president of Gulf Coast and individually as surety or guarantor. Under the terms of the Agreement and the promissory note, Newsome guaranteed payment of the purchase price “until paid in full.” Koeniger agreed to act as a consultant to Gulf Coast for a period of three years.
laOn May 15, 1997, KLI assigned all of its rights under the Agreement and note to Koeniger. Gulf Coast made 36 payments of $3,000.00 ($108,000.00) to Koeniger pursuant to the Agreement. Thereafter, Gulf Coast went out of business and Koeniger filed suit against Newsome for the unpaid principal balance of $72,000.00.
Newsome brought a motion for summary judgment, arguing that, pursuant to a provision in the Agreement, monthly payments were only guaranteed for three years. On May 23, 2003, the trial court granted the summary judgment in favor of Newsome and dismissed Newsome as a party defendant. Written reasons for judgment have not been made a part of this record.
In support of the motion for summary judgment, and on this appeal, Newsome relies on section 2(b) of the Agreement, under which the purchaser could request a reduction in the purchase price after three years based on a decline in gross revenues, or a so-called “revenue base line reduction.” This provision is the source of the dispute. It states in pertinent part:
2. That the parties have agreed on a purchase price of ONE HUNDRED EIGHTY THOUSAND AND NO/100 ($180,000.00) DOLLARS for the sale of said assets, said money to be paid at the rate of THREE THOUSAND AND NO/ 100 ($3,000.00) DOLLARS per month, interest to be charged only if any payment should not be made timely, and then to be charged at the rate of eight (8%) percent per annum, until paid in full, payment for which vendee does hereby execute a promissory note payable to the order of vendor at the rate of $3,000.00 per month, subject to the following provisos:
a. That in addition to the sale of the aforementioned assets, Erich Koeniger, individually, does hereby agree to act as a consultant on behalf of said corporation for a period of three years ...

b. That said payment schedule of $3,000.00 per month is guaranteed for the first three years of said contract, or until April 30, 2000, at ivhich time the parties agree to review the 13performance of said Gulf Coast Contact Lens, Inc., and to adjust the payment schedule on the following basis:

The base line is set at the gross revenues of Koeniger Lens International, Inc. from April 1, 1997 through March 31, 1998 will be hereinafter referred to as “the revenue base line”, if the gross revenue of Gulf Coast Contact Lens, Inc., in subsequent years after revenue base line has been set, has declined below said revenue base line, then the monthly payment due to Dr. Erich Koe-niger shall be reduced by the percentage of reduction in said gross revenues of Gulf Coast Contact Lens, Inc.

(Emphasis added)

ARGUMENT:

Koeniger argues that the trial court erred when it misinterpreted the revenue base line reduction provision of the Agreement and concluded that Newsome was not responsible for any payments after three years. Koeniger asserts that the trial court’s ruling was manifestly erroneous for several reasons: 1) The parties did not agree that Newsome’s guarantee of the purchase price ($180,000.00) would expire in three years. Rather, it is argued that the Newsome guaranteed payment of the *655 purchase price in full, and that the parties agreed to a possible adjustment in the monthly payment schedule based upon the financial performance of Gulf Coast after three years of operation. 2) It is undisputed that Gulf Coast never exercised its option to seek a revenue base line reduction. 3) It is undisputed that Gulf Coast never provided Koeniger with a revenue base line as required under the Agreement and promised by Newsome’s attorney on the date of the closing. 4) It is undisputed that Gulf Coast never provided Koeniger with financial results or evidence of the decline in gross revenue as required under the Agreement.
Koeniger relies on the well settled legal principle that a contract should be given a reasonable interpretation and the whole of it should be read to understand each of its parts. Noto v. Wong, 01-0210 (La.App. 4 Cir. 3/20/02), 814 So.2d 640, 642; Lamson Petroleum Co. v. Hallwood Petroleum, Inc., 99-1937 (La.App. 3 Cir. 5/10/00), 763 So.2d 40, 42. Koeniger contends that the trial court’s interpretation of the contract would lead to the absurd consequence of absolving Newsome from his obligation to pay the entire purchase price as stipulated in the Agreement. Moreover, Koeniger argues that the trial court’s decision is particularly erroneous in light of the fact that Newsome never availed itself of the procedure for obtaining a reduction in the monthly payments due under the contract.
In opposition to this appeal, Newsome maintains the position that he guaranteed monthly payments for only three years; and because the gross revenues of the business declined, he was not responsible for any payments beyond that time. New-some acknowledges the revenue base line reduction provision of the contract, but he does not explain his failure to follow the procedure outlined in section 2(b) that required a financial review of Gulf Coast in order to determine by what percentage the monthly payments might be reduced.

STANDARD OF REVIEW:

Whether a contract is ambiguous or not is a question of law. Fourroux v. Board of Commissioners for the Orleans Leevee District, 03-0374 (La.App. 4 Cir. 1/8/03), 837 So.2d 698; McCrory v. Terminix Service Co., Inc., 609 So.2d 883 (La. App. 4 Cir.1992). When a contract is to be interpreted by the court as a matter of law, a motion for summary judgment is the proper procedural vehicle to present the question to the court. Fourroux.
In the present case, the trial court based its judgment on its interpretation of the contract. This constitutes a legal finding. As such, the proper standard of review for such legal findings is de novo. Landry v. Landry, 97-1839 (La.App. 4 Cir. 11/25/98), 724 So.2d 271, 274. When appellate review is not premised upon any factual findings made at the trial level, but instead is based upon an independent review and examination of the contract on its face, the manifest error rule does not apply. In such cases, appellate review of questions of law is simply whether the trial court was legally correct. Spohrer v. Sphorer, 610 So.2d 849 (La.App. 1 Cir. 1992).

DISCUSSION:

Interpretation of a contract is the determination of the common intent of the parties. La. C.C. art.2045. When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties’ intent. La. C.C. art.2046. Each provision in a contract must be interpreted in light of the other provisions so that each is given the meaning suggested by the contract. La. C.C. art.2050. Noto; McDuffie v. Riverwood Intern. Corporation, 27,292 (La.App. 2 Cir. 8/23/95), 660 *656 So.2d 158; Sanders v. Ashland Oil, Inc., 96-1751 (La.App. 1 Cir. 6/20/97), 696 So.2d 1031.
The threshold issue in this case is whether the contract’s terms are ambiguous or explicit. After a thorough review of the Agreement, we fail to find any ambiguity in the disputed provisions. We further find that the trial court was legally incorrect in its interpretation of the contract as it pertains to the revenue base line reduction provision and Newsome’s obligation under the contract to pay the full purchase price.
Under the plain reading of the Agreement, it is clear to this court that New-some was obligated to pay the entire purchase price ($180,000.00) unless, pursuant to section 2(b), the payments were adjusted after 36 months, upon review of the performance of Gulf Coast by the parties. It is undisputed that Newsome | ¿never sought such a review and never presented any financial information to Koeniger in reference to the declining gross revenues of Gulf Coast. Instead, Newsome unilaterally stopped paying the monthly installments after the 36-month guaranty period. We find this to be a clear breach of New-some’s obligation under the Agreement, and accordingly, we find that the trial court erred in granting the summary judgment in favor of Newsome.

CONCLUSION:

For the reasons set forth herein, the judgment of the trial court is reversed. The case is remanded to the trial court for further proceedings.
REVERSED AND REMANDED.