NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 21-282 consolidated with CA 21-283

STEPHANIE NICOLE DISATELL

VERSUS

LANCE D. SMITH

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 256,049
HONORABLE PATRICIA EVANS KOCH, DISTRICT JUDGE

**********

BILLY H. EZELL
JUDGE

**********

Court composed of Billy H. Ezell, John E. Conery, and Van H. Kyzar, Judges.

AFFIRMED.

**E. Grey Burnes Talley**
**711 Washington Street**
**Alexandria, LA 71301**
**(318) 442-5231**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Stephanie Nicole Disatell**

**Candace Wells-Losavio**
**1024 8th Street**
**Alexandria, LA 71301**
**(318) 528-8808**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Lance D. Smith**

**EZELL, Judge.**

Stephanie Disatell Hart appeals the decision of the trial court below establishing the terms of the custody Lance Smith and his family exercise over the former couple's child. She also appeals evidentiary decisions made by the trial court and the allowing of Mr. Smith to claim Brody on his taxes every other year. For the following reasons, we hereby affirm the decision of the trial court.

Mrs. Hart and Mr. Smith were never married, but had a child, Brody, born in 2013. Paternity was immediately acknowledged. When the couple separated in 2016, it began a long history of litigation concerning custody and child support. Several stipulations were entered into over the following years, as well as contempt motions and motions to modify both custody and child support. In March of 2020, Mr. Smith sought to modify custody, seeking to make up time he lost with his son while he was working out of state. On July 20, 2020, during a pretrial hearing, the pair entered a stipulation which was recited into the record in open court. Some issues, namely whether Mr. Smith would be allowed to claim Brody on his taxes in alternating years and whether he should receive a reduction in child support during summer months when he had him half the time, were in dispute and tabled for hearing at a later time. Soon thereafter, disputes arose concerning the agreement that had been reached and Mrs. Hart sought a hearing to resolve the alleged disputes. On December 9, 2020, the trial court issued a judgment based on the transcript of the July pretrial stipulation, allowing Mr. Smith's family to facilitate exchanges when he was unavailable due to work, and allowing his family to exercise his custodial periods when he was away. Mrs. Hart appeals that decision.

On December 14, 2020, the trial court held a hearing to determine the tax issue. Finding a prior stipulation granted Mr. Smith the right to claim Brody on his

taxes in alternating years, the trial court ruled that the pattern should continue. Mrs. Hart also appeals that decision.

On appeal, Mrs. Hart asserts six assignments of error. She claims that the trial court erred in allegedly expanding the July 2020 stipulation on issues she claims were in dispute without a contradictory hearing. She also claims the trial court erred in allowing Mr. Smith's family to pick up or drop off Brody when Mr. Smith is out of town, in allowing any of Mr. Smith's family to exercise his custodial periods when he is out of town, and in ruling on her hearing regarding the allegedly disputed provisions without taking evidence. She also claims that the trial court erred in denying her discovery requests concerning Mr. Smith's work schedule and locations and in allowing Mr. Smith to claim Brody on his taxes every other year. We disagree.

Mrs. Hart's first four assignments of error concern the July 20, 2020 stipulation and the judgment of the trial court setting the oral recitation of that stipulation into written form. Because they overlap so greatly, we will address them together.

A transaction or compromise is an agreement between parties seeking an end to a lawsuit. La.Civ.Code art. 3071. A compromise must either be reduced in writing or recited in open court and capable of being transcribed from the record of the proceedings. La.Civ.Code art. 3072. The agreement recited in open court confers upon each of them the right of judicially enforcing its performance, although its substance may thereafter be written in a more convenient form. *Id.* "The compromise has, as between the interested parties, a force equal to the authority of things adjudged." *In re Succession of Cole*, 12-802, p. 11 (La.App. 3 Cir. 12/26/12), 108 So.3d 240, 249, *writ denied*, 13-257 (La. 3/15/13), 109 So.3d

384. They cannot be attacked on account of any error in law or any lesion, but an error in calculation may always be corrected. *Autin-Germany v. Germany*, 00-1924 (La.App. 5 Cir. 4/11/01), 789 So.2d 608 (citing La.Civ.Code art. 3078). "A stipulation has the effect of binding all the parties and the court." *Dolsen v. City of New Orleans*, 559 So.2d 50, 52 (La.App. 4 Cir. 1990).

Open court recitations where the parties agree to the stipulations offered by their respective attorneys constitute a binding compromise or agreement. *Carlin v. Wallace,* 00-2892 (La.App. 1 Cir. 9/28/01), 809 So.2d 1017. "A declaration made by a party's attorney or mandatary has the same effect as one made by the party himself." *C.T. Traina, Inc. v. Sunshine Plaza, Inc*., 03-1003, p. 5 (La. 12/3/03), 861 So.2d 156, 159; La.Civ.Code art. 1853. "[B]ecause a client speaks through his attorney in court, any statement made by the attorney is held to be an admission by the client. . . . [A] judicial confession is full proof against the party making it." *Singleton v. Bunge Corp*., 364 So.2d 1321, 1325 (La.App. 4 Cir. 1978). An admission by stipulation of counsel is of the strongest type. *Irving v. E. Sondheimer Co*., 126 So.2d 401 (La.App. 2 Cir. 1960).

Mrs. Hart argues that the trial court erred in allegedly supplementing the oral stipulation without a hearing or evidence. Specifically, she alleges that the trial court expanded the stipulation by allowing Mr. Smith's family to pick Brody up from school and in allowing his family to exercise his custodial periods if he is out of town for work. However, a plain reading of the transcript of the oral recitation of the stipulation shows these allegations are unfounded.

The transcript of the July 20, 2020 hearing begins with Mrs. Hart's attorney stating that "we have a judgment, a consent judgment, and we're going to go through piece by piece." The attorneys then read from an agreement into the

record, beginning by establishing a heightened *Bergeron* standard for custody alterations. Later, Mr. Smith's attorney states that "Lance's family shall be entitled to exercise any of his periods, period." Mrs. Hart begins to state she had believed it to be just Mr. Smith's mother, when her attorney states "Anyone in his family just like anyone in your family. . . . It's your time, anyone in your family can get him." Mrs. Hart then did not raise any concerns or objections to Mr. Smith's family having Brody during Mr. Smith's custody periods. She did not give any further indication that she did not understand what her counsel recited, nor any opposition after it was explained that his family was simply getting the same rights that were extended to hers. Her attorney was crystal clear in what was agreed to. Again, any statement made by her attorney is held to be an admission by Mrs. Hart *Singleton,* 364 So.2d 1321. The court did not err in finding the parties agreed that any of Mr. Smith's family could exercise his visitation, as it was clearly agreed to by Mrs. Hart's attorney on the record. Nor did the trial court expand the stipulation in setting forth that judgment for the very same reason.

Likewise, when the subject of the custodial exchanges was brought up, Mrs. Hart made no complaints when her attorney agreed that any of his family could pick him up from school. In fact, her attorney responded, "And her family as well[,]" indicating that the families each had equal opportunity to facilitate exchanges. When Mr. Smith's attorney stated, "[sic] Ever how many is allowed for him to put on the school pickup list he will handle that[,]" her attorney replied "Okay. That's up to him." While there had been explicit mention of Mr. Smith's new wife and his mother doing exchanges, his aunt was specifically mentioned at the same time. A plain reading of the transcript indicates that there was never any intention to limit the pickup to Mr. Smith's new wife and his mother. Mrs. Hart,

again, did not object to Mr. Smith filling as many pickup spots as the school would allow, indicating she understood his family would be entitled to do so. Regardless, her attorney clearly agreed that would be the case. Therefore, we conclude that the stipulation entered into in open court by the parties' attorneys is a valid and binding compromise and its terms are enforceable. Once again, the trial court did not supplement or expand the agreement made by the parties, as the transcript supports the trial court's rendering of the stipulation into judgment form.

Mrs. Hart next claims that the trial court erred in ruling on her motion for a hearing on disputed provisions of the judgment without taking evidence. We disagree. The trial court had the plain language of the transcript before it, the very language the parties had agreed to. That was the only evidence the trial court needed to understand the parties' intent on the matters before it.

In fact, the trial court was *exceedingly* patient with the parties, who plainly sought to have their lives micromanaged by it. The former couple would often go around in circles over ground that had been plainly covered. Mrs. Hart sought to litigate minor matters such as bus rides or who did homework on Mr. Smith's nights with the child. However, the judgment issued by the trial court properly mirrored the language of the stipulation entered into in open court. Mrs. Hart cannot now seek to revise what she clearly agreed to as set out by her attorney. Though often difficult to sort through, due to the quarrels of the parties, the language of the transcript is clear and the trial court's reading of it was correct. The trial court's actions concerning the stipulation set forth on July 20, 2020, show no error. All assignments of error concerning that stipulation and the subsequent judgment encapsulating it are devoid of merit.

5

Mrs. Hart next claims that the trial court erred in denying her request for information about Mr. Smith's work schedule and locations, which she sought after the stipulation had been entered into on custody. The trial court has broad discretion in regulating pretrial discovery. *Osborne v. McKenzie*, 43,658 (La.App. 2 Cir. 10/22/08), 998 So.2d 137, (citing *Bell v. Treasure Chest Casino, L.L.C.*, 06-1538 (La. 2/22/07), 950 So.2d 654; and *Rodsuwan v. Christus Health N. La.*, 41,043 (La.App. 2 Cir. 5/17/06), 930 So.2d 1116), *writ denied*, 08-2555 (La. 1/9/09), 998 So.2d 726. The trial court denied the requests as moot, finding that the information related to custody of Brody, not to the remaining issues before it, namely tax issues or a possible modification in child support. We can find no error, much less any abuse of the trial court's discretion, in the trial court's finding that this issue was moot, as custody had been established by the July 20, 2020 stipulation and was not being contested at the time. This assignment of error is without merit.

Finally, Mrs. Hart claims that the trial court erred in awarding Mr. Smith the ability to claim Brody on his taxes every other year. Again, we disagree. The record before this court shows that the parties entered a previous stipulation on April 2, 2018. That stipulation was clear that "the parties shall alternate the minor child for all federal and state tax deduction purposes" with Mrs. Hart having odd numbered years and Mr. Smith having even years. Nothing in the record before this court has altered that agreement. That stipulation is the basis of the trial court's decision, and that basis is sound. Mrs. Hart raises concerns about $202.00 in arrearages Mr. Smith owed at the time of the December 2020 hearing. However, the trial court was aware of these when it made its determination and ordered Mr. Smith to pay them by the end of that year in order to claim the deduction. Nothing

in the record indicates that he did not.  Again, based on the record before this court, we can find no error in the decision of the trial court to hold Mrs. Hart to agreements she willfully made.

For the above reasons, the decision of the trial court is hereby affirmed. Costs of this appeal are hereby assessed against Mrs. Hart.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.